BLAKE v. DOUGLASS.

REPLEVIN BAIL.—JUDGMENT.—In an action by one who, as replevin bail, had paid a judgment, to have the same revived; and to have execution in his ·favor, an answer of the general denial is well pleaded, and it is error to sustain a demurrer to such answer.

SAME.—INFANT.—The plea of infancy is a personal privilege, that may be waived. If not pleaded, a judgment against an infant is binding upon him.

SAME.—GUARDIAN AD LITEM.—A judgment against an infant by default, without the appointment of a guardian ad litem, is erroneous but not void.

APPEAL from the Clinton Circuit Court.

ELLIOTT, J.—Complaint by Douglass against James A. Blake, the appellant, and John W. Blake, alleging that on the 8th day of October, 1858, Conner & Worman recovered a judgment in said Clinton Circuit Court against said James A. and John W. Blake, for the sum of $331 and costs of suit; that he, said Douglass, afterwards, at the request of said James A. and John W. Blake, became replevin bail on said judgment, and afterwards, in January, 1861, by

reason thereof, was compelled to, and did, pay on said judgment the sum of $101. The complaint prayed that the judgment be revived and that execution issue thereon for the benefit of said *Douglass*, for said sum of $101, and interest thereon, &c.

*James A. Blake* appeared and answered in two paragraphs. 1. The general denial. 2. That at the time of the rendition of the judgment referred to in the complaint, and at the time said *Douglass* became replevin bail thereon, defendant was a minor, under the age of twenty-one years; that he was not a partner of said *John W. Blake,* and did not appear to said action, either in person or by attorney, but that judgment was taken therein against him by default, and that all of said facts were known to said *Douglass* at the time he became replevin bail on said judgment; that he did not request said *Douglass* to become replevin bail, nor did he know that he had done so until about the time of the commencement of this suit; that said *Douglass* became replevin bail on said judgment solely at the instance and request of said *John W. Blake.* The court sustained a demurrer to each paragraph of the answer, to which the defendant excepted, and, the defendant failing to answer further, a final judgment was rendered against him  The cause was continued as to the defendant *John W. Blake.*

The question presented here arises upon the ruling of the court in sustaining the demurrer to the answer. The general denial was well pleaded, and the court erred in sustaining the demurrer to it, and for that error the judgment must be reversed. As to the second paragraph of the answer, it is to be observed that the infancy of the appellant might have been a good defense if he had appeared and set it up in the original suit. It was a personal privilege, and having failed to avail himself of it at the proper time,. by suffering judgment to be taken against him by default, the judgment is binding upon him. *Douglass,* by becoming replevin bail and paying a part of the judgment, is entitled to an execution for his own use, for the amount so.

paid. It is provided by statute that the judgment, in such cases, shall not be discharged by such payment, but shall remain in force for the use of the replevin bail. 2 G. & H., § 676, p. 309. A judgment taken against an infant by default, without the appointment of a guardian *ad litem* to appear for him, is erroneous, but not void.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*L. McClurg,* for appellant.

*J. N. Sims,* for appellee.