McBride *et al.* v. The State, for Use of Clandy, Drainage Commissioner.

Filed March 12, 1892.

---

No. 15,614.

MCBRIDE ET AL. *v.* THE STATE, FOR USE OF CLANDY, DRAINAGE COMMISSIONER.

DRAINAGE.—*Ditch Assessment.—Collateral Attack.—Infancy of Land-Owners.*
—An assessment on land owned by minors in aid of the construction of a public ditch is not void because no guardian *ad litem* was appointed to answer for such minors in the proceedings for the construction of the ditch, but is merely erroneous, and can not be collaterally attacked.

SAME.—*Time of Referring Petition to Drainage Commissioner.*—The fact that ten days did not intervene between the time the proceedings were docketed and the time at which the court referred the petition to the drainage commissioner, did not render the assessment void.

McBride *et al. v.* The State, for Use of Clandy, Drainage Commissioner.

From the Clinton Circuit Court.

*F. F. Moore, S. O. Bayless* and *C. G. Guenther*, for appellants.

*P. W. Gard*, for appellee.

COFFEY, J.—This was an action by the appellee against the appellants, in the Clinton Circuit Court, to collect an assessment made in aid of the construction of a public ditch.

It appears by the record before us that a petition was filed in the circuit court of Clinton county, at the September term, 1888, praying for the construction of a public ditch in that county, under the provisions of the drainage act of 1885. Proof of notice was filed, the order referring the petition to the drainage commissioner was entered, the report of the commissioner was filed, which was approved, the work ordered, and the assessments confirmed.

After the work was ordered and the assessments confirmed, the appellants entered a special appearance to the proceeding, and moved the court to set aside the service of notice and order of confirmation, upon the ground that they were minors, and had received no notice of the proceeding.

After hearing proof, the court found that they had been legally notified of the pendency of the proceeding, and overruled their motion.

The appellants failing to pay the amount assessed against their lands to aid in the construction of the ditch, this action was brought to enforce the collection of such assessments.

The court overruled a demurrer to the complaint, and also sustained a demurrer to the second paragraph of the answer filed by the appellants.

These rulings are assigned as error.

It is contended by the appellants that the assessment against their land is void, for the reasons:

*First.* That it was made without the appointment of a guardian *ad litem* to answer for them, they being infants; and,

*Second.* Because ten days did not intervene between the

McBride *et al. v.* The State, for Use of Clandy, Drainage Commissioner.

date at which the proceedings were docketed and the date at which the petition was referred to the drainage commissioner.

As this is an action to enforce the assessments, the attack here made is collateral, and can not prevail, unless the defects in the proceedings urged against their collection are of such a character as to render the assessments void.

We have not inquired as to whether the code applies to proceedings to establish and construct public ditches, for assuming, for the sake of the argument, that it does, the assessments are not void because there was no guardian *ad litem* appointed for the appellants. A judgment against an infant without the appointment of a guardian *ad litem,* to answer for him, is erroneous, but not void. *Blake* v. *Douglass,* 27 Ind. 416.

Nor are the assessments void because ten days did not intervene between the time the proceedings were docketed and the time at which the court referred the petition to the drainage commissioner.

The court acquired jurisdiction over the subject-matter by the filing of the petition, and jurisdiction over the persons of the appellants by the statutory notice ; and no order which it was authorized to make, entered after it acquired such jurisdiction, however erroneous, was void.

After notice a judgment rendered before the day fixed for answer is not void. *Essig* v. *Lower,* 120 Ind. 239.

Had the appellants applied to the court for permission to demur or remonstrate, a different question would have been presented, but they asked the court to set aside its proceedings for no other reason than that they were minors, and had no notice of the proceeding. Upon proof the court found the question of notice against them, and overruled their motion. Unless appealed from, this ruling was binding on the appellants.

There is no error in the record.

Judgment affirmed.

Filed March 15, 1892.