Cohee *v.* Baer *et al.*

No. 16,088.

COHEE *v.* BAER ET AL.

.JUDGMENT.—*Action to Set Aside.—Infant Defendant.—Infancy Not Appearing of Record.—Collateral Attack.—Waiver of Infancy.—Valid Judgment.*—Where the fact that a defendant to an action was an infant when the judgment therein was rendered, does not appear of record, but if shown at all, must be shown by facts *dehors* the record, an action by such defendant to set aside the judgment as invalid, can avail nothing. By the failure of the defendant to interpose her plea of infancy in the original action, she waived it, and the judgment is as binding upon her as if she had been of full age at the date of its rendition.

SAME.—*When Not Subject to Collateral Attack.—What is Collateral Attack?*—Where the invalidity of a judgment is sought to be shown by matter extraneous to the record, such attack is collateral, and can not be made by a party to the judgment. And a judgment which is simply erroneous, but not void, is not subject to collateral attack.

From the Clinton Circuit Court.

*J. V. Kent* and *R. W. Irwin,* for appellant.

*T. H. Palmer* and *W. F. Palmer,* for appellees.

OLDS, J.—The questions presented in this case arise on the rulings of the court in the sustaining of the demurrers to the second amended complaint, and to the appellant's answer to the cross-complaint.

The complaint alleges that appellant is now, and for five years last past has been, the owner in fee-simple of certain real estate, describing it; that she so owned the same on and prior to the 26th day of May, 1886; that on said date, and until the 20th day of December, 1889, she was an infant, being under twenty-one years of age; that she did not arrive at the age of twenty-one years until the date last aforesaid; that on and prior to the 26th day of May, 1886, and continually, until the 27th day of July, 1888, she was a married woman, being the wife of one Charles Slipher; that on the 24th day of August,

1886, and while she and her then husband were yet infants, John Baer, then in life, but now deceased, filed his complaint and brought his action in the Clinton Circuit Court against the appellant and her then husband, alleging therein, among other things, that the appellant had, prior to said date, entered into a contract with him (said Baer) for the erection and repair of a certain dwelling house upon the real estate aforesaid, and for certain material furnished and used therein; that afterward, at the September term, 1886, of the said Clinton Circuit Court, such proceedings were had in said court that said Baer recovered a judgment against the appellant and her husband for the sum of sixty-five dollars and costs and fifteen dollars attorney's fees, and also the foreclosure of a mechanic's lien for the sum aforesaid, and a decree of said court ordering and directing the sale of said real estate to make said sum of money and costs.

It further alleges a sale on said decree to said appellee Slipher, and the execution of a certificate and deed in pursuance thereof; that appellee Slipher took possession under the deed and has ever since held possession of the same, claiming to be the owner in pursuance of said deed, and does not hold, or claim to hold or own by any other or different title; that on the —— day of ——, 18—, John D. Baer departed this life at said county intestate, leaving surviving him appellee Caroline Baer, his widow and sole heir, but that appellant was, during all the time aforesaid, an infant and a married woman, and two years have not elapsed since she arrived at the age of twenty-one years.

It is further averred that appellant had no legal guardian during the time aforesaid, and that upon the trial of said cause, and during the proceedings aforesaid, no guardian *ad litem* was appointed to appear and defend said action for her, and that she did not appear to said

cause either in person or by guardian *ad litem*, but that said appearance and defense was made solely by attorney; that said John D. Baer and appellant, Slipher, knew that the plaintiff and her then husband, Charles Slipher, were infants at the time of the aforesaid trial and sheriff's sale, during all the time aforesaid. Prayer was made asking that said judgment and sheriff's sale be declared void and be set aside, and for all proper relief to this complaint. Appellee Baer demurred for want of facts, and appellee Slipher demurred for the same cause. Appellee Slipher filed a cross-complaint alleging himself to be the owner of the real estate, and appellant filed an answer to the cross-complaint of Slipher, alleging the same facts as are alleged in the complaint, and Slipher demurred to the answer for want of facts. The court sustained the demurrers to the complaint and to the answer, to which rulings appellant excepted, and refusing to plead further, judgment was rendered on demurrer in favor of appellees. These rulings are assigned as errors.

As appears from the averments of the complaint, this is a proceeding to set aside the judgment and decree of foreclosure of the mechanic's lien, on the sole ground that the judgment is invalid, for the reason that the appellant appeared to the action in which the judgment was rendered and made her defense by attorney, and not by guardian *ad litem* appointed by the court.

There is no equity shown in the bill. From aught that appears, the appellant was properly served with process, and the judgment was on a valid indebtedness of the appellant in favor of the plaintiff.

In Freeman on Judgments (4th ed.), section 151, it is said: ''The general tendency is to regard the plea of infancy as a personal plea which may be waived. And whether such plea is interposed or not, a judgment or decree against an infant, properly before the court, is as

obligatory upon him as though he were an adult, except in case where he is allowed time, after coming of age, to show cause against the judgment or decree. If an absolute decree is made against an infant, he is as much bound as a person of full age, and will not be permitted to dispute the decree, except upon the same grounds which would be available if he were an adult. Though the statute requires the appointment of a guardian *ad litem* to represent the interest of minors who have no general guardian, it is well settled that where process has been served upon a minor the failure to appoint a guardian *ad litem* for him is a mere irregularity not affecting the validity of the judgment."

This statement of the law by Freeman is in harmony with the decisions of this court.

As early as the case of *Blake* v. *Douglass*, 27 Ind. 416, it was held that the plea of infancy is a personal privilege, that may be waived. If not pleaded, a judgment against an infant is binding upon him. In that case, speaking of infancy, the court said: "It was a personal privilege, and having failed to avail himself of it at the proper time, by suffering judgment to be taken against him by default, the judgment is binding upon him." The court further said: "A judgment taken against an infant by default, without the appointment of a guardian *ad litem* to appear for him, is erroneous, but not void." This doctrine has been universally adhered to by this court.

In *McBride* v. *State, for use*, 130 Ind. 525, 30 N. E. Rep. 699, the case of *Blake* v. *Douglass, supra*, was cited and followed, holding that a judgment against a minor without the appointment of a guardian *ad litem* was valid, and not subject to collateral attack.

In Freeman on Judgments (4th ed.), section 513, it is said: "But the better opinion is, that an infant defend-

ant is as much bound by a decree in equity as a person of age; therefore if there be an absolute decree made against a defendant who is under age, he will not be permitted to dispute it, unless upon the same grounds as an adult might have disputed it, such as fraud, collusion, or error."

The judgment being as binding upon the appellant as if she had been of full age when it was rendered, it is clear that there are no facts alleged in the complaint which authorize the setting of it aside. Furthermore, we think it must be regarded as a collateral attack, and the judgment being erroneous, and not void, it is not subject to such attack.

It is a well settled rule that an attack upon a judgment predicated upon matter *dehors* the record, where the invalidity of the judgment is sought to be shown by bringing forward matter extraneous to the record itself, is a collateral attack, and can not be made by a party to the judgment. See *Harman* v. *Moore*, 112 Ind. 221, and authorities there cited. That is what is sought to be done in this case.

It is sought to be shown that the judgment is invalid, for the reason that the appellant was an infant at the time of the rendition of the judgment, which fact does not appear of record, but if shown at all, must be shown by facts *dehors* the record, and this can not be done. By the failure to interpose her plea of infancy in the original action, appellant waived it, and the judgment is as binding upon her as if she had been of full age at the date of its rendition. *Littleton* v. *Smith*, 119 Ind. 230.

It is suggested by counsel for appellant, that there is no adequate remedy provided by statute for the relief of an infant from a judgment rendered against him, when his infancy does not appear of record, and that this is an application to have the court below recall the judgment, not

for error of law, but error in fact, and that the remedy is by a writ of *coram nobis.* But with this we can not agree, for by the failure to interpose the plea of infancy she waived it, and having waived it, the fact of her infancy is not available of itself to set aside the judgment.

The complaint is insufficient, and does not state facts entitling the appellant to be relieved from the judgment; and, likewise, the answer is also insufficient, and the demurrers thereto were properly sustained.

Judgment affirmed.

Filed Jan. 13, 1893; petition for a rehearing overruled May 18, 1893.