## Watson *v.* Wrightsman, by Next Friend.

[No. 3,435.    Filed March 29, 1901.]

Verdict.—*Setting Aside.—Minority of Defendant.—Waiver.—*Where a minor in an action for damages for an assault was duly served with process, appeared in person and by counsel, filed an answer, went to trial, and waited the return of the verdict without setting up his infancy as a defense. he cannot interpose his minority as a ground for setting aside the verdict, since the defense of infancy is a personal privilege, and is waived by going to trial without pleading it.

From the Morgan Circuit Court.    *Affirmed.*

*J. C. Watson, N. A. Whitaker, W. S. Sherley* and *M. H. Parks,* for appellant.

*J. M. Bishop* and *O. Matthews,* for appellee.

Wiley, J.—Action by appellee against appellant for damages resulting from an alleged assault.    Answer in denial, trial by jury, and verdict for appellee.    After verdict, and before judgment, appellant moved the court, and supported such motion by affidavit, for the appointment of a guardian *ad litem,* on the grounds that he was a minor.    He asked that

such guardian *ad litem* be appointed to appear for him and present "such motions, pleadings, and defense  *  *  *  as his interest may appear and demand, so that he may have made for him all legal defenses to said action as he is entitled to and has a right to make." This motion was overruled. He thereupon moved the court to set aside the verdict on the ground that he was a minor; that no guardian *ad litem* had been appointed for him to appear and answer, and that his guardian did not appear to such action and file any answer. This motion was supported by affidavit, and was also overruled. These motions and the rulings thereon are brought into the record by bill of exceptions. When these motions had been overruled, appellant filed his motion for a new trial, and assigned such rulings as reasons therefor. The questions thus presented are the only ones discussed.

Appellant's counsel, in argument, urge that the record does not show that summons was issued and served upon appellant; but as the record comes to us, it seems to show the contrary. The summons is set out in full, and the return of the sheriff shows service by reading. The question thus presented is simply this: After a minor has been duly served with process, appears in person and by counsel, files an answer, goes to trial and awaits the return of a verdict, without setting up his infancy as a defense, can he then interpose his minority as a ground for setting aside the verdict? It is a familiar rule of law that the plea of infancy is a personal privilege and must be pleaded by the defendant in case the record does not disclose his infancy. *Blake* v. *Douglass,* 27 Ind. 416; *Cohee* v. *Baer,* 134 Ind. 375, 39 Am. St. 270; 1 Black on Judgments, §196; *Wimer* v. *Mast,* 146 Ind. 177; Freeman on Judgments (3rd ed.) §§151, 513.

In *Cohee* v. *Baer, supra,* the court quotes approvingly from Freeman the following: "Though the statute requires the appointment of a guardian *ad litem* to represent the interest of minors who have no general guardian, it is well

settled that where process has been served upon a minor the failure to appoint a guardian *ad litem* for him is a mere irregularity not affecting the validity of the judgment," and adds: "This statement of the law by Freeman is in harmony with the decisions of this court." Again, in the same case, it was said: "As early as the case of *Blake* v. *Douglass,* 27 Ind. 416, it was held that the plea of infancy is a personal privilege, that may be waived. If not pleaded, a judgment against an infant is binding upon him." See *McBride* v. *State,* 130 Ind. 525. In the Cohee case, *supra,* a bill in equity was filed to set aside a judgment and decree of foreclosure of a mechanic's lien, on the sole ground that the judgment was invalid for the reason that the appellant appeared to the action and made her defense by attorney, and not by guardian *ad litem* appointed by the court, and it was held that she could not recover.

In Freeman on Judgments (4th ed.) §513, it is said: "But the better opinion is, that 'an infant defendant is as much bound by a decree in equity as a person of full age; therefore if there be an absolute decree made against a defendant who is under age, he will not be permitted to dispute it, unless upon the same grounds as an adult might have disputed it, such as fraud, collusion, or error.' "

In *Wimer* v. *Mast,* 146 Ind. 177, it is said: "It is true that infancy may be pleaded either in abatement or in bar, depending on the facts shown. In case the facts pleaded show, or do not deny a good cause of action, but merely disclose that the party is a minor and therefore can not maintain or defend the action, then the plea, if made, would be in abatement. Doubtless, however, the court, in such case, would appoint a guardian *ad litem* for a minor defendant, and the trial would proceed; and even if judgment should be entered without such appointment, * * * if not attacked on its merits, would stand." In the same case it was held that a meritorious defense must be shown by the party who seeks relief, and that the defense must be one of a substantial nature affecting the merits of the case.

In the case we are considering, the appellant has not made any showing that he had any meritorious defense to the action. He has not shown a substantial fact affecting the merits of the case. He has not shown fraud, collusion, or error, as suggested by Freeman, *supra*. 1 Black on Judgments, §196, says: "The general disposition of the authorities is to regard the plea of infancy as a personal privilege, which may be waived, and if it is not pleaded, a judgment against the infant is binding upon him."

It is well settled that an infant is liable in an action *ex delicto* for all injuries to person or property committed by him. The privilege of infancy, being founded upon the infant's presumed want of prudence and discretion, can not protect him from the consequence of his wrongful acts; for when civil injuries are committed by force, the intent of the perpetration is not regarded. 16 Am. & Eng. Ency. of Law (2nd ed.) 307; *Peterson* v. *Haffner,* 59 Ind. 130, 26 Am. Rep. 81; *Lee* v. *Hefley,* 21 Ind. 98; *Vasse* v. *Smith,* 6 Cranch. 226, 3 L. Ed. 207; *Mathews* v. *Cowan,* 59 Ill. 341.

In this case appellee founded her cause of action upon the fact of an assault upon her by appellant in which he was charged with intending carnally to know her. This was a wrongful act, and for injuries resulting therefrom he was liable to respond in damages, as declared by the authorities. The record does not disclose any fact that even tends to excuse him for the act, and, as we have seen, no defense whatever is shown. Upon service of process, he came into court with counsel and his legal guardian, filed an answer in denial, went to trial, and not until after a verdict was returned against him did he attempt to shield himself behind his infancy. As the defense of infancy is a personal privilege, it seems to us that appellant waived that privilege by going to trial without pleading it. But what would it have availed him, in the first instance, if he had applied for the appointment of a guardian *ad litem?* The guardian could have done no more than to have filed an answer and con-

ducted the defense.   This, in fact, was done by able coun-sel.   After verdict, what could such guardian have done other than what was in fact done?   Nothing, for motions for a new trial and in arrest of judgment were duly made, and the appeal to this court was properly prosecuted, and the questions raised fully and ably discussed.   We are unable to see how appellant was injured.

In the case of *Evans* v. *State, ex rel.*, 58 Ind. 587, it was held that the failure to appoint a guardian *ad litem* for an infant defendant in a bastardy suit, where such appointment had not been requested before the trial of the cause, was not a cause for a new trial.   See, also *Rawles* v. *State, ex rel.*, 56 Ind. 433, and *DePriest* v. *State, ex rel.*, 68 Ind. 569.

Judgment affirmed.