## 3353.  SAMS v. COVINGTON BUGGY CO.

The statute prescribing the character of service in suits where minors are interested or are parties does not strictly apply, where there is a seizure of property under foreclosure proceedings, and the minor whose property is seized makes the process in rem (otherwise final) mesne, by making the counter-affidavit. The issue before the court is not made by service, but is made by seizure and the filing of the counter-affidavit.

In such case the absence of a prochein ami .or guardian ad litem as a party is an irregularity, amendable before, and cured by, the verdict.
DECIDED DECEMBER 19, 1911.

Foreclosure of lien; from city court of Covington—Judge Whaley. March 25, 1911.

*Rogers & Knox,* for plaintiff in error.

*C. C. King,* contra.

HILL, C. J. The plaintiff in error was the owner of an automobile, which was repaired by the defendant in error. He did not pay for the repairs, and the defendant in error foreclosed its lien as a mechanic, against him, for the sum of $30 for materials furnished and repair work on the automobile. He filed a counter-affidavit, setting up that the amount sworn to be due was not due, and alleging that the plaintiff did not complete and perform its contract according to the agreement, and he had been thereby damaged in the sum of $50; and he also executed a replevy bond. When the issue thus made was called for trial, he was absent and not represented by attorney, and the jury found a verdict against him for $30, upon which a judgment was entered. During the same term he presented to the court a petition to set aside the verdict and judgment, alleging that he was a minor when the verdict and judgment were rendered, and had a statutory guardian (giving his name), and that this guardian was not served in the case or made a party thereto, and no guardian ad litem was appointed by the court. The judge's refusal to set aside the judgment is the error assigned.

Section 5565 of the Civil Code (1910) requires that service upon minors under the age of 14 years shall be perfected personally on the minor, and in cases where there is a statutory or testamentary guardian or trustee representing the interest of the minor to be affected by the legal proceedings, service must also be made upon such guardian or trustee; and if the minor is over 14 years of age, service may be made by delivering to him personally a copy of the writ. And it is further provided that, in the absence of guardian or trustee, it shall be the duty of the court to appoint for the minor a guardian ad litem, who must be made a party to the proceedings before the minor shall be considered a party. In the case of *Miller* v. *Luckey,* 132 *Ga.* 581 (64 S. E. 658), it was held that where suit is brought against a minor, and

he is not personally served, a plea in abatement setting up the want of personal service should be sustained.

In this case it does not appear how old the minor was, whether over the age of 14 or not; but there is no allegation that he was not personally served with process. The contention is that his statutory guardian was not served, and not made a party to the suit, and no guardian ad litem was appointed by the court for him and made a party to the proceeding. In suits in personam the law as thus claimed would be applicable; but we do not think it applicable to a case such as the one now under consideration. Here was a proceeding in rem, to foreclose a mechanic's lien. It did not become a suit, in the technical sense of that word, until the defendant had made a counter-affidavit; and until the counter-affidavit was made and filed there was no case or suit pending in the court, no issue to be tried. There are two ways by which parties are brought before the court. One is, in suits in personam, by personal process, or, in the case of minors, by such process as the statute requires; and the other is where property is seized by process of court, and the proceeding is resisted by a claim to the property, or some issue in reference to the process by which the property is seized. Now, in this case the minor voluntarily made a counter-affidavit. He made the proceeding, which otherwise would have been final, a mesne process, on the suit pending, in which he was the substantial plaintiff, though not nominally so, for his counter-affidavit was the beginning of the suit, in so far as the issue to be tried by the court was concerned. *Giddens* v. *Gaskins, 7 Ga. App.* 221 (66 S. E. 560). In other words, the issue was made and brought into the court by the minor by the filing of his counter-affidavit. Now, the law in this State is well settled, that a minor can bring suit or voluntarily intervene in a suit without any prochein ami or guardian ad litem, and a failure to have such a representative as a party is a mere irregularity, which, before verdict, is amendable, and is cured by the verdict. Civil Code (1910), § 5524, and decisions of the Supreme Court cited in Michie's Enc. Digest, 312.

The minor, having brought or filed the suit by his counter-affidavit and made the issue to be decided by the court, strictly speaking, should have been represented therein by his statutory guardian or guardian ad litem; and if the matter had been called

to the court's attention, or to the attention of the other party, this formal requirement of the statute would doubtless have been complied with by proper amendment. But the minor, in his defense to the suit originally, did not disclose his minority. He silently permitted a judgment to be entered against him without disclosing the fact, and therefore the irregularity was cured by the verdict. For this reason we think the court very properly refused to set aside the judgment.          *Judgment affirmed.*