HUFFER ET AL. v. PRINDLE.

*Judgments—Irregularities in procurement not grounds for collateral attack, when—Partition—Jurisdiction of minor defendants cannot be challenged in subsequent suit—Former finding that all parties legally served—Finding that service legal cannot be impeached by allegations of petition—Averments not sufficient as against court's finding, when.*

1. Mere irregularities in procurement do not render judgment void, and thus subject to collateral attack; but such irregularities as are voidable can be relieved against only by proceeding in error.

2. Where in 1900 a return was made showing service in a partition suit by handing copies of summons to minor defendants under 14 and their custodian and it did not affirmatively appear in the record that such minor defendants had either a parent living or a·guardian and the court found the service to have been legally made the court's jurisdiction over the persons of such minor defendants was sufficient and a judgment entered thereon was not void.

3. Finding that service of minor defendants in former partition case was legal cannot be impeached by recital in petition, which may or may not have been true.

4. Averments of neither plaintiff nor defendant are sufficient as against court's finding in hearing thereon.

(Decided January 8, 1926.)

APPEAL: Court of Appeals for Pickaway county.

*Mr. Barton Walters,* for plaintiffs.
*Mr. Charles Gerhardt* and *Mr. Irvin F. Snyder,* for defendant.

MAUCK, P. J.    Plaintiffs brought suit in the common pleas against Sarah E. Prindle, seeking in three causes of action to eject her from certain

lands described in the petition, to recover rents and profits because of her unlawful possession of the same, and to partition the property among the several plaintiffs. Before the trial of the case Sarah E. Prindle died, and Ollie Prindle, the sole legatee of Sarah, was made a party defendant. Ollie Prindle filed her answer and cross-petition, denying all the allegations of the plaintiffs' petition and seeking by cross-petition to quiet her title to the premises. She pleads in her cross-petition that the plaintiffs were devisees under the will of Reason Huffer, deceased, of a remainder estate in the lands in question, and that on July 14, 1900, part of the plaintiffs became owners of the precedent life estate in said lands; that thereafter, on November 12, 1900, in a partition proceeding then pending in the court of common pleas of Pickaway county, to which all of the plaintiffs in this case were parties, the said real estate was sold to the predecessor in title of defendant. To this the plaintiffs replied, denying that Ollie Prindle is the owner of the real estate in question and answering the cross-petition by pleading that the partition suit mentioned in the cross-petition was premature, in that there was no vested estate in remainder in any of the parties at the time the suit was filed, that said suit in partition and all of the proceedings therein were of no force or effect, and that no service was ever had upon the minor defendants under 14 years of age in the partition suit. On the issues thus drawn trial was had in the common pleas, resulting in a decree in favor of the defendant, and from that decree the case comes to this court by appeal.

It is argued that the facts in evidence show:

First, that under the will of Reason Huffer, deceased, no estate in remainder vested in any of the parties to the partition suit until after the death of Isaac Huffer, on March 28, 1921; that the lands in question were devised to Isaac "to have and to hold the same during his natural life" and after the decease of Isaac Huffer the same to "become the property of his legal heirs"; that, as the heirs of Isaac Huffer were not ascertainable until his death, a partition suit, predicated on the theory that Isaac's children had a vested remainder during Isaac's life, was wholly ineffective. Second, it is argued that if the land was subject to partition during the life of Isaac, sufficient service was not had upon some of the minor defendants in the partition suit, and that consequently their title was not divested by the decree in that case. Third, and finally, it is argued that the partition suit was fraudulently contrived by Isaac Huffer to deprive his children of their property rights in the land in question.

On the last point mentioned it is sufficient to say that the pleadings do not attempt to make a case of fraud, and this court would not, therefore, be warranted in disturbing the judgment and decree in the partition suit on that ground. Fraud, of course, must be proved, but it cannot be proved until it has been pleaded, and no such issue as that argued has been made in this case.

The most important question is whether the decree of partition was void or not. The pending case is one of collateral attack upon the decree in the partition case. *Kingsborough* v. *Tousley,* 56 Ohio St., 450, 456, 47 N. E., 541. It is scarcely

necessary to cite authorities upon the proposition that mere irregularities in its procurement do not render a judgment void. Such irregularities in procuring a judgment as are voidable only afford no grounds for collateral attack, and can be relieved against only by a proceeding in error. *State, ex rel. Hawke,* v. *Le Blond,* 108 Ohio St., 126, 140 N. E., 510.

The only questions, therefore, that can be considered by this court in testing the soundness of the judgment in the partition case are whether the common pleas in entering its decree had jurisdiction of the subject-matter and jurisdiction of the parties. That the common pleas has jurisdiction in actions for partition is, of course, not questioned. Did the common pleas in the partition suit acquire any jurisdiction over the infant defendants? A summons was regularly issued July 14, 1900, for the minor defendants mentioned, and the return made on July 14 shows that the same was served "by personally handing a true and duly certified copy of this writ with all the indorsements thereon to each of the herein named defendants, Cora Huffer, Charles Huffer, Isaac Huffer, Flavezeal Huffer, aged 10 years, Josephine Huffer, aged 6 years, Cleveland Huffer, aged 4 years, Jesse Huffer, aged 3 years, and Wilber Huffer, aged 3 months, and Mary Huffer, widow of Wilber Huffer, deceased, and George W. Miller. I also on the same day personally handed a certified copy of this writ, with all the indorsements thereon, to Mary Huffer, custodian of Wilber Huffer, aged 3 months. I also on the same day personally handed a true and duly certified copy of this writ, with all the indorsements thereon,

to Abigail Huffer, custodian of Flavezeal Huffer, aged 10 years, Josephine Huffer, aged 6 years, Cleveland Huffer, aged 4 years, and Jesse Huffer, aged 3 years.''

At the time this service was made Section 5044 of the then Revised Statutes of Ohio (51 Ohio Laws, 67, Section 69, now Section 11291, General Code), provided that, in making service upon minor defendants under the age of 14 years, the service should be upon him (the minor) and also upon his guardian or his father, and, if neither his guardian nor his father could be found, then upon his mother, or the person having the care of such infant, or with whom he lived.

The return quoted does not show the relation of Abigail Huffer to the minor children mentioned, and refers to her only as their custodian. If the return showed that the children had a guardian, or a father, or a mother, it would show a defective service, for the statute clearly contemplates that before the mother may be served for the infant the guardian or father shall be served, as well as the infant under 10 years of age, if either a guardian or father can be found; and it contemplates that the mother may be served if there be neither a guardian nor a father, and that only when there was no guardian, father, or mother, could service be made on ''the person having the care of such infant or with whom he lives.''

It has been argued that the petition under which the summons was issued, and the decree in the case, following the issuance of the summons, both show that these minor defendants had a father, but we are not bound by either of these facts. An aver-

ment in the petition is not binding upon any one except the person filing the same. The return shows that a copy was handed to each of the children in question and to Abigail Huffer, their custodian. By "custodian" was meant, necessarily, the person having the care of those children. This was, accordingly, one of the ways in which perfect service could be had, and the only way in which complete service could be had, if there were no other persons entitled to notice. The court trying the case in rendering its decree of partition found:

"That all of the defendants have been duly and legally served with summons in this case and have had legal notice of the pendency and demand of said petition and of said amended petition."

While in *Moore's Lessee* v. *Starks,* 1 Ohio St., 369, and later cases, it has been held that a decree is open to collateral attack where minor defendants have not been served with process and such fact appears affirmatively on the record, it is quite as well established that where such fact does not affirmatively appear upon the record every presumption is indulged to sustain the decree. The court of common pleas is a court of general jurisdiction, and, when it found that the service on these minor children was legal, it was making a finding within its jurisdiction, and that finding is now conclusive unless it bears on its face the conclusive evidence of its own error, or is successfully impeached for fraud. *Callen* v. *Ellison,* 13 Ohio St., 446, 82 Am. Dec., 448; *Kingsborough* v. *Tousley,* 56 Ohio St., 450, 47 N. E., 541; *Paulin* v. *Sparrow,* 91 Ohio St., 279, 110 N. E., 528. The court of common pleas in the partition case having found that all the plaint-

iffs hereto were legally served with process in the partition case, and it not appearing affirmatively from the record that that finding was wrong, it follows that the decree in that case is an effective bar to the plaintiffs in this case so far as the jurisdiction of the persons is concerned.

The plaintiff in error in his reply brief stresses the facts presented in *Paulin* v. *Sparrow, supra.* In that case the court was considering a judgment claimed to be void, and it is true that the court emphasized an averment in the petition on which the judgment was founded that recited the relationship of the party attacking the judgment. The court does not, however, in laying down the law of the case, undertake to say that the finding and decree of the court embodied in the journal entry can be modified by an averment in the petition. The court's finding in the instant case, as already quoted, was that the service on the minor defendants in the partition case was legal. This finding cannot be impeached by a mere recital in the petition which may or may not have been true. The law of the *Paulin case* pertinent to the case at bar is that enunciated in the first paragraph of the syllabus:

"Where it does not otherwise affirmatively appear from the record, it will be presumed that a court of general jurisdiction regularly acquired and lawfully exercised its jurisdiction over the parties."

Neither the return of the sheriff nor the finding of the court in this case shows that the minor children were not effectively served. The return shows that they may have been, and the entry finds that

they were. It cannot be said that the contrary is affirmatively shown by a mere averment in the pleadings. In practically all controversies in court, the averments of either the petition or the answer are untrue in fact, and the averments of neither of them are sufficient as against the court's finding in a hearing thereon.

This finding is, in our judgment, conclusive of the case, but we have not overlooked the further argument that the plaintiffs, under the peculiar facts of this case, could not be barred by the decree in partition because it was beyond the power of the court to enter a decree in partition prior to the death of Isaac Huffer, the life tenant. This argument rests on the theory that the will of Reason Huffer, properly construed, vested no interest in the children of Isaac Huffer during the life of Isaac. Assuming that the will were entitled to the construction now claimed for it by the plaintiffs, it must, nevertheless, be apparent from the record herein that Reason Huffer's will was before the court for construction in the first partition case, just as fully and completely as it would be before the court in this case, were it not for this plea of former adjudication. The position now taken by the plaintiffs, therefore, reduces itself to this: That while a will may be construed in a partition case, the decree construing it in the early case ought not be recognized because that earlier case was not correctly decided. A statement of this proposition carries with it its own refutation. If the then living children of Isaac Huffer had no interest in the lands in question in 1900, prior to the rendition of the decree in that case, they had such interest by

virtue of that decree immediately upon its rendition. We are bound to hold, and do hold, that by virtue of the decree of 1900 the plaintiffs in this case are barred from now asserting any title to the property in question, regardless of what Reason Huffer may have had in mind when he executed the will under which plaintiffs claim. We are consequently not, as we view it, authorized to give any construction to that instrument.

A decree will be entered quieting the title of the defendant as prayed for.

*Decree for defendant.*

SAYRE and MIDDLETON, JJ., concur.