AGNESS ET AL. *v.* STATE, EX REL. BOARD OF COMMISSION-
ERS OF GRANT COUNTY ET AL.

[No. 13,203.   Filed April 24, 1929.   Rehearing denied July 5, 1929.]

*D. F. Brooks,* for appellants.
*Oren W. Dickey,* for appellees.

REMY, J.—On June 2, 1919, pursuant to the drainage

act of 1907 and acts supplemental thereto (§6166 *et seq.* Burns 1926), appellants with others filed petition to establish a drain. With the petition, and as provided by the supplemental drainage act of 1919 (Acts 1919 p. 492, §6173 Burns 1926), appellants filed their bond payable to the State, by which they obligated themselves to pay the costs of the proceeding if the drain should not be established. The bond was approved, and, July 12, 1919, the cause was placed upon the circuit court docket. In 1922, claims aggregating $5,873.19, for costs and expenses incurred in the proceeding were filed, and, before the expiration of ten days, the claims were by the court allowed and ordered paid. Subsequently, on warrants issued by the county auditor, the treasurer, from funds of the county, paid the claims, and February 2, 1925, the drainage petition was by order of court dismissed for want of prosecution.

The costs and expenses advanced by the county not having been paid by appellants in accordance with the terms of the bond given by them when the drainage petition was filed, the State, on relation of the board of county commissioners began this action on the bond against appellants to recover the amount so paid. An answer in denial closed the issues, and, on the trial, the court, upon appellant's request, found the facts specially, and stated conclusions of law thereon in favor of appellee, and judgment was so rendered. The facts found are, in substance, as stated above. Exceptions to the conclusions of law present the only question for review.

It is provided by §1 of the supplemental drainage act of 1919, *supra*, that, in their report, the drainage commissioners shall include an itemized account of costs and expenses incurred in making the survey and assessments, not including attorneys' fees, and that, ten days after the filing, if a bond for costs and expenses is on file, "the court is authorized to examine, determine, adjust

and approve" the expenses and "order the same advanced and paid out of the county treasury, . . . the county later to be reimbursed out of the assessments collected, or if the assessments are not collected, the petitioner or petitioners and their sureties shall fully subrogate [reimburse] the county for all such sums so advanced."

Appellants point out that the court found specially that the costs and expenses were allowed and ordered paid before the expiration of ten days from the filing thereof, in violation of the statute, and make the contention that the court was without jurisdiction and the allowance void; that, under such circumstances, the county was without authority to pay the claims; and that, therefore, there can be no recovery on the bond. On the other hand, it is contended by appellee that the court in allowing the claims had jurisdiction; that the allowance prior to the expiration of ten days was but an irregularity which rendered it voidable but not void; and that the order of the circuit court in allowing the claims is not subject to collateral attack. We concur in the latter view.

It is fundamental that mere irregularities in its procurement do not render a judgment void and subject to collateral attack. *Huffer* v. *Prindle* (1926), 22 Ohio App. 241, 153 N. E. 527. The rule is the same where the court which makes the order or renders the judgment is at the time in the exercise of a special statutory jurisdiction. *Briscoe* v. *Rudolph* (1911), 221 U. S. 547, 31 Sup. Ct. 679, 55 L. Ed. 848. It is also a settled rule that where the court has jurisdiction, the rendition of a judgment prematurely is but an irregularity, and does not render the judgment void or subject to collateral attack. *Essig* v. *Lower* (1889), 120 Ind. 239, 21 N. E. 1090; *Friebe* v. *Elder* (1914), 181 Ind. 597, 105 N. E. 151; *Anthony* v. *Masters* (1902), 28 Ind. App.

239, 62 N. E. 505; *McBride* v. *State, etc.* (1892), 130 Ind. 525, 30 N. E. 699. The McBride case was a suit to collect an assessment in aid of the construction of a public ditch. One of the defenses was that the assessment was void because ten days did not intervene between the date at which the proceeding was docketed and the date when the petition was referred to the drainage commissioner; and, in holding that the defense was not available, the Supreme Court used this language: "The court acquired jurisdiction over the subject-matter by the filing of the petition, and jurisdiction over the persons of the appellants by the statutory notice; and no order which it was authorized to make, entered after it acquired such jurisdiction, however erroneous, was void."

In the case at bar, the ditch proceeding was instituted by appellants pursuant to a special statute which gave the court jurisdiction of the subject-matter. The court had jurisdiction of appellants, for they were in court as the petitioners for the ditch. There is no contention that there was fraud. The allowance of the claims by the circuit court on the day they were filed was not in accordance with the statute, and the rights of appellants as they may have been affected by the irregularity could have been presented to that court in a direct proceeding, but not collaterally in an action on the bond.

Affirmed.