LOUIS HOFFMAN, executor of the estate of Dora Katz, complainant-respondent,

*v.*

HYMAN MALORATSKY and SARAH MALORATSKY, his wife, defendants-appellants.

[Submitted October term, 1932. Decided January 31st, 1933.]

*Mr. Michael G. Alenick,* for the appellants.

*Messrs. Fast & Fast,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

This appeal is from an order denying defendants' application, made after the taking of testimony on final hearing, for leave to amend their counter-claim.

Complainant, as the executor of Dora Katz, sought by his bill the foreclosure of a mortgage in the sum of $3,500, made by defendants and delivered to complainant's testatrix, to secure the payment of the bond of the defendant Hyman Maloratsky. The defendant Sarah Maloratsky was made a party because, as the wife of her co-defendant, she had a dower interest in the lands covered by the mortgage. Defendants' answer admitted the execution of the mortgage, but denied they were indebted to complainant thereon. They pleaded usury and payment. It was alleged that the amount actually advanced was $2,800; that the difference, $700, was a premium or bonus unlawfully exacted by the mortgagee, and that the latter was paid "usurious and excessive rates and interest aggregating the sum of $1,750 and upwards."

The counter-claim repeated these allegations, and concluded with the averment that defendants overpaid complainant's testatrix to the extent of $700 and upwards. The prayer was for an accounting, and a decree providing for the crediting on the mortgage indebtedness of the amount found due thereon, and for the payment of the excess, if any. The replication and answer to the counter-claim denied these allegations, and issue was joined.

In an effort to sustain the allegations of their answer and counter-claim, appellants offered themselves as witnesses, but the proffered testimony was overruled, as falling within the prohibition of section 4 of the Evidence act. *2 Comp. Stat. p. 2218.* Subsequent to the hearing, and before final decree, appellants applied for leave to amend the counter-claim by eliminating the defendant Sarah as a counter-claimant, on the ground that the cause of action stated therein was her husband's solely, and she was inadvertently and improperly joined as a party. The motion was denied, and properly so.

Such applications are addressed to the sound discretion of the court. The power to order an amendment on final hearing is never exercised except where the ends of justice render it necessary. *Midmer* v. *Midmer's Executors, 26 N. J. Eq. 299, 303; Mechanics National Bank of Newark* v. *H. C. Burnet Manufacturing Co., 32 N. J. Eq. 236, 239.* The allowance of an amendment will not lead to a reversal unless a clear abuse of discretion is shown. *Schaffer* v. *Krestovnikow, 89 N. J. Eq. 549.*

But appellants insist that there was, in the action complained of, an abuse of discretion. It is argued that the testimony of one of the appellants is necessary to establish the cause of action pleaded in the counter-claim, and that the testimony of the defendant Sarah should be made available to prevent "a gross injustice." The question whether there has been an abuse of discretion is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. It takes account of the law and the particular circumstances of the case and is "directed by the reason and conscience of the judge to a just result." *Burns* v. *United States, 53 Sup. Ct. 156; 77 Law Ed. (Adv.) 231, 234; 287 U. S. 216; Langness* v. *Green, 282 U. S. 531, 541; 51 Sup. Ct. 243, 247; 75 Law Ed. 520.* Tested by the rule thus laid down to guide the exercise of judicial discretion, appellants contention is without merit. The design of the rule of evidence prescribed by section 4 of the Evidence

act is to produce equality between the parties, by silencing the one who may, by his own mouth, be able to testify to transactions and conversations with the decedent, possibly to the disadvantage of his estate, unless the representative of that estate should, by his own conduct, remove the interdict. *Woolverton* v. *Van Syckel, 57 N. J. Law 393.* Our courts will not lend assistance to efforts to escape the bar of the statute. *Snyder* v. *Harris, 61 N. J. Eq. 480; Platner* v. *Ryan, 76 N. J. Law 239.*

No relief can be had in equity. The fact that the rules of evidence will not permit appellants to avail themselves of the only existing proof to establish the cause of action stated in the counter-claim, does not entitle them to relief in equity. *Linn* v. *Neldon's Administrator, 23 N. J. Eq. 169.*

There is a further reason why the denial of the application was proper. The defendants could not derive any benefit from the amendment, if allowed. The appellant Sarah had an inchoate right of dower in the mortgaged lands, and she was therefore a proper, if not indeed a necessary party to the suit. There is of necessity a close relation between the averments of the answer and the counter-claim. The purpose of a counter-claim is to enable a defendant to make his defense more complete and effectual than it would be if he stood on an answer alone, but the new facts which he may introduce into pending litigation by means thereof are such, and such only, as it is necessary for the court to have before it in deciding the questions raised in the original suit, so that the court may do full and complete justice to all parties in respect to the cause of action on which the complainant rests his right to relief. It is auxiliary to the proceeding in the original suit and a dependency upon it. *McAnarney* v. *Lembeck, 97 N. J. Eq. 361, 363; Pettit* v. *Port Newark National Bank of Newark, 110 N. J. Eq. 324, 326.* In the case *sub judice,* there is identity of subject-matter of the answer and the counter-claim. The bar of the statute would prevail notwithstanding an amendment in the form proposed.

The order under review will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.