JESSIE LaBELL, BY HER NEXT FRIEND, SAM LaBELL, PLAINTIFF-RESPONDENT, v. MAX QUASDORF AND EDWIN ALNOR, DEFENDANTS, AND ILSE QUASDORF, BY HER NEXT FRIEND, MAX QUASDORF, DEFEND-ANT-APPELLANT.

Submitted October 11, 1935—Decided May 13, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Green & Green* (*Thomas E. Duffy*, of counsel.)

For the respondent, *Charles J. Bodner* and *Feder & Rinzler*.

The opinion of the court was delivered by

HEHER, J.    Plaintiff sued to recover damages for personal injuries claimed to have been the proximate result of the negligence of the defendants Ilse Quasdorf in the operation of an automobile owned by her father and co-defendant, Max Quasdorf, and recovered judgment against both defendants. The vehicle collided with a pole located in a public highway; and plaintiff, who was a passenger at the invitation of Ilse, was injured. The issue was tried by the District Court judge, sitting without a jury. The defendants appealed; and this court affirmed the judgment against Ilse, but reversed as to Max on the ground that there was no evidence that "Ilse had authority to take any one into the car and make such person an invitee of her father," and there was therefore error in the denial of his motion for a nonsuit. It was found that there was ample basis for the finding of the former's negligence in "the testimony of the excessive speed of the car, together with the evidence of the manner of the happening of the accident  *   *   *." 13 *N. J. Mis. R.* 183; 177 *Atl. Rep.* 77.

After the *remittitur* had gone down, Ilse, who was born on July 4th, 1915, for the first time pleaded the disability of infancy. By formal petition, filed on April 17th, 1935, she averred non-age and the non-appointment of a next friend or guardian *ad litem* to defend the suit on her behalf, and prayed that her parents be appointed "next friends and guardians" for the purpose of making application to vacate the judgment rendered against her. An order was made designating the parents as her "next friends and guardians" for

that purpose; and the plaintiff was ruled to show cause why the judgment should not be vacated. Upon hearing the order to show cause, the court concluded that the infant defendant "was not prejudiced in anywise" by the non-appointment of a next friend to defend the action, and that, in the circumstances, she was "debarred and precluded from asserting the defense of infancy or the non-appointment of next friend;" and an order was entered appointing the infant's father her "next friend * * * *nunc pro tunc* as of April 5th, 1934," and denying the motion to vacate the judgment. From this "judgment and order" the infant, by her "next friends and guardians," appeals.

The state of the case settled by the District Court judge exhibits the following matters of fact: The action was instituted on May 23d, 1933, and there was personal service of the summons and state of demand upon the infant defendant. The trial was held on February 15th, 1934, when she was in her nineteenth year. Although she did not testify as a witness, she was present throughout the trial, and was represented by her present counsel, who also appeared for her father. Her parents likewise were in attendance at the trial, and were sworn as witnesses and gave testimony. The pleadings did not exhibit appellant's infancy, nor was there any disclosure of the disability prior to judgment, either by the infant or her counsel; and, in view of her age, it is fairly to be presumed that there was in her appearance no suggestion of minority.

Where, as here, the court has jurisdiction of the subject-matter, and acquires jurisdiction of the person of the infant defendant by lawful personal service of process, the judgment rendered against the infant, without the appointment of a guardian *ad litem* to defend on his behalf, while it may be erroneous, is not void. At the common law, jurisdiction of the person of an infant was acquired by due service of process upon the infant. Thus appellant, in virtue of the personal service of process, became a party to the action, and is bound by the court's judgment, even if tainted with error. The

failure to make timely appointment of a guardian *ad litem* is, at most, error in fact merely; the appointment of such a representative is in no sense jurisdictional. The judgment stands until reversed on appeal, or vacated in a direct proceeding, and is not subject to collateral attack. *Van Horn* v. *Hann*, 39 *N. J. L.* 207; *In re Martin*, 86 *N. J. Eq.* 265; *Colt* v. *Colt*, 111 *U. S.* 566; 4 *S. Ct.* 553; 28 *L. Ed.* 520; *Linn* v. *Collins*, 77 *W. Va.* 592; 87 *S. E. Rep.* 934; *Reynolds* v. *Steel*, 170 *Ky.* 153; 185 *S. W. Rep.* 820; *Holloway* v. *MacIntosh*, 7 *Kans. App.* 34; 51 *Pac. Rep.* 963; *Watson* v. *Wrightsman*, 26 *Ind. App.* 437; 59 *N. E. Rep.* 1064; 3 *Bl. Com.* (*Cooley's 4th ed.*) 406; n.; 31 *C. J.* 1121. And, by the same token, the appointment of a next friend to prosecute an action for an infant plaintiff is not a jurisdictional prerequisite. Our court of the last resort has so held. *Nitti* v. *Public Service Railway Co.*, 104 *N. J. L.* 67. There is little or no difference of substance in the functions and powers of a *prochein ami* and a guardian *ad litem*. *Bunting* v. *Bunting*, 87 *N. J. Eq.* 20. Each stands in the place of the minor, and is under a duty to safeguard his interests in all matters pertaining to the action.

It is a corollary of the foregoing that appellant does not have an absolute right to a vacation of the judgment under review. It is not within her power to avoid the judgment by a mere election, as in the case of a contract voidable for incapacity so arising. It was the function of the District Court to determine the validity of its judgment. Its exercise was controlled by the duty imposed by law to protect the minor's interests; and, where it is clear that no injustice resulted from the non-appointment of a qualified representative to conduct the litigation on her behalf, there was no obligation to vacate the judgment. The infant has had her day in court and has suffered no wrong requiring redress. A judgment against one under a disability is not vacated as a matter of right, unless it is void. *Freem. Judg.* (*5th ed.*) 441.

At the common law, all courts of record possessed an inherent power to vacate their judgments. The recovery of a judg-

ment against an infant for whom a next friend or guardian *ad litem* had not been designated, on the assumption that he was an adult, was regarded as an error of fact not apparent of record, remediable by the ancient writ of error *coram nobis* or *coram vobis,* depending on whether the cause was in the King's Bench or the Common pleas. 3 *Bl. Com. (Cooley's 4th ed.)* 406, n. The modern method of attack is by summary motion to vacate the judgment; and it is well settled that such a motion is addressed to the sound discretion of the court, in the exercise of which considerations of justice and equity govern. *Smith* v. *Livesey,* 67 *N. J. L.* 269; *Wright* v. *Green,* 11 *Id.* 334; *Freem. Judg. (5th ed.)* 377, 378. This discretionary authority is legal and not arbitrary in character; it must be exercised in consonance with established principles of law. It is not concerned with questions of law which may arise upon the facts; it relates rather to the question of whether, under the particular facts and circumstances, justice and equity require that relief be given. Judicial discretion, to borrow the words of Lord Mansfield, means "sound discretion, guided by law," and not by whim or humor. *Hoffman* v. *Maloratsky,* 112 *N. J. Eq.* 333; 164 *Atl. Rep.* 260; *State* v. *Then,* 114 *N. J. L.* 413; *Freem. Judg. (5th ed.)* 378, 538, 574. Generally, the inquiry is whether the enforcement of the judgment would be unjust, oppressive or inequitable as to the party moving for its vacation. 34 *C. J.* 371.

And the exercise of a discretionary authority will not be reviewed, either on error or *certiorari,* unless it has been clearly abused. *Martin* v. *Lehigh Valley Railroad Co.,* 114 *N. J. L.* 243; *State* v. *Then, supra; Hoffman* v. *Maloratsky, supra; Smith* v. *Livesey, supra; State* v. *Wood,* 23 *Id.* 560; *Wright* v. *Green, supra; Albert* v. *Hart,* 44 *Id.* 366; *Mitchell* v. *Erie Railroad Co.,* 70 *Id.* 188; *Marcus* v. *Graver,* 71 *Id.* 95; *State* v. *Potter,* 83 *Id.* 428; *affirmed,* 85 *Id.* 388; *State* v. *Vandervere,* 25 *Id.* 669; *State* v. *Black,* 20 *Atl. Rep.* 255; *affirmed,* 53 *N. J. L.* 462; *State* v. *Lynch,* 103 *Id.* 64. Such is not the case when the action taken is in furtherance of justice, and does not do violence to accepted principles. As stated in an early case in this state, there is an abuse of

discretion when the authority is exercised "capriciously, in violation of settled principles of equity or of law." *State* v. *Vandevere, supra.* See, also, *State* v. *Potter, supra.*

So tested, the ruling complained of is unassailable. There was no abuse of discretion. The District Court judge found, as a fact, that the failure to appoint a guardian *ad litem* did not work an injury to appellant; and we concur in that view. The infant and her father had a common interest in the subject-matter of the litigation. There was no conflict of interest at any stage of the proceedings. His asserted liability was necessarily predicated on the infant's negligence. The latter had the services of competent counsel throughout; and it is not suggested that they did not fully discharge the duty that was theirs to present, on the infant's behalf, every available defense. It is evident that a guardian *ad litem* could have done no more. In fact, the infant's guardians do not assert actual prejudice or injury. It is maintained that the judgment is void, or, at least, that it is the infant's absolute right to have it vacated, even though her rights were fully safeguarded. But this, as we have indicated, is not the case. In the circumstances, this discretionary power was not arbitrarily exercised, and the order under consideration is therefore not reviewable on error. The non-appointment of a next friend or guardian was a mere procedural irregularity which in no sense prejudiced the infant in defending on the merits. Compare *Watson* v. *Wrightsman, supra; Cohee* v. *Baer,* 134 *Ind.* 375; 32 *N. E. Rep.* 920; *Priest* v. *Hamilton,* 2 *Tyler* 50; *Wrisley* v. *Kenyon,* 28 *Vt.* 5; *Fuller* v. *Smith,* 49 *Id.* 253; *Adams* v. *Cook,* 91 *Id.* 281; 100 *Atl. Rep.* 42; *Sams* v. *Covington Buggy Co.,* 10 *Ga. App.* 191; 73 *S. E. Rep.* 18. *Scott* v. *Schisler,* 107 *N. J. L.* 397, is not a case in point.

It is to be observed that this discretionary authority should be liberally exercised to protect the infant's interests, and that, unless it is evident that the minor did not suffer substantial injury by reason of the failure to designate a representative to act for her in the litigation, relief should be awarded.

Appeal dismissed, with costs.