## JUSCZAK *v.* LEWIS.

[No. 16,766. Filed May 8, 1942. Rehearing denied June 17, 1942.]

*Fred Barnett,* of Hammond, for appellant.

*Lester A. Ottenheimer* and *Isadore J. Krieger,* both of East Chicago, for appellee.

FLANAGAN, J.—On December 8, 1933, appellee brought an action against appellant in the city court of East Chicago for damages alleged to have been caused to appellee's automobile by the negligence of appellant. Appellant was duly served with notice and appeared by attorney. Judgment was rendered against him for $113.00.

On August 12, 1940, appellee brought an action in the city court of East Chicago against appellant on the previously rendered judgment hereinabove referred to. The record of the city court of East Chicago shows that summons was duly served on appellant by reading and that he appeared both in person and by attorney. On September 2, 1940, the attorney withdrew his appear-

ance for appellant and on October 2, 1940, appellee was given judgment for $113.00 plus $33.90 interest and costs.

On November 13, 1940, and November 14, 1940, appellant filed in the Lake Superior Court his application for leave to appeal the judgments rendered in 1934 and 1940 respectively under § 5-1006, Burns' 1933, § 1936, Baldwin's 1934, which authorizes the circuit and superior courts to allow appeals from city courts and justice courts after the expiration of the usual 30 days, upon a showing that the party seeking to appeal has been prevented from doing so within 30 days by circumstances not under his control.

Both applications were granted and the appeals were perfected and then the two cases were consolidated.

On December 9, 1940, appellee filed a motion to dismiss the appeals. On that day the cause was submitted on the motion to dismiss the appeals, hearing was held in part and continued to December 16, 1940, to give appellee opportunity to present evidence. On December 12, 1940, appellant filed a motion for change of venue from the county. On December 16, 1940, the court overruled appellant's motion for change of venue and appellee then waiving his right to submit evidence, the court sustained his motion to dismiss both appeals.

The errors here relied upon for reversal are: (1) the overruling of appellant's motion for change of venue from the county; and (2) the sustaining of appellee's motion to dismiss the appeals.

It is not necessary for us to consider the question as to whether appellant was entitled to a change of venue from the county before disposition of the motion to dismiss the appeals had he sought the change of venue before submission. It is sufficient to say that if he was entitled to the change, his

motion having not been made until after submission was not timely. *Lighthill v. Garvin, Receiver* (1940), 108 Ind. App. 187, 27 N. E. (2d) 911. The court did not err in overruling the motion for change of venue.

Appellant in his application for leave to appeal the 1934 judgment did not deny that he was duly served with summons but contended that he was only 19 years of age, that his minority was not suggested to the court and no guardian *ad litem* was appointed for him.

The defense of infancy if available at all in an action such as was here involved is a personal privilege and appellant's failure to set it up at the trial amounted to a waiver of the defense. *Watson* v. *Wrightsman* (1901), 26 Ind. App. 437, 59 N. E. 1064; *Cohee* v. *Baer* (1893), 134 Ind. 375, 32 N. E. 920; *Daugherty* v. *Reveal* (1913), 54 Ind. App. 71, 102 N. E. 381.

Appellant also alleged in his application for permission to appeal the 1934 judgment that the nature of the action was not explained to him before the judgment was taken and that "he was not consulted by an attorney." He alleged, however, that an attorney did appear for him and did not deny that the attorney was authorized so to do. Failure to properly and fully consult with his attorney would not constitute circumstances not under appellant's control which would have prevented him from appealing within 30 days. The trial court correctly sustained the motion to dismiss the appeal of the 1934 judgment.

As to the 1940 judgment, appellant alleged in his application for permission to appeal that he was never served with summons and knew nothing about the existence of the cause until November 13, 1940. However, the record of the city court of East Chicago showed that he was duly served with sum-

mons by reading to him and that he then personally appeared in court. This record was before the trial court and was sufficient to sustain its action in dismissing the appeal as to the 1940 judgment. *Cook* v. *Ernsberger* (1940), 107 Ind. App. 605, 22 N. E. (2d) 885.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 627.