**FAIR v FAIR, Exr, Etc**

Ohio Appeals, 5th Dist, Holmes Co

No 226.   Decided May 22, 1933

William N. Crowe, Millersburg, for plaintiff in error.

Garver & Badger, Millersburg, for defendant in error.

## OPINION

By LEMERT, J.

The principal question presented by counsel in both brief and oral argument in this case has to do with the presentation and rejection of the claim presented to the executor.

We observe from the pleadings before us in the instant case that this action was brought for services rendered the testator during his life time, and for which he made

provision in his will that same should be paid.

Under Item 1 of the will we note the following language: "I direct that all my just debts and my funeral expenses be paid, including in my debts a reasonable compensation to be paid to Della Fair for caring for and nursing me ever since I came to the home of Samuel B. Fair in Millersburg, Ohio." From the above language in the will of Henry N. Keefer, deceased, we conclude that Della Fair was a legatee under said will, and if she was, then was it necessary for Della Fair as a general legatee to present her claim to the executor for his allowance?

Under Adams & Hosford Probate Practice, page 733, §3, we have the following:

"What need not be presented: As the law does not require the doing of an idle thing, it may be said, as a general rule, that no claim is required to be presented unless it is such a claim that the administrator or executor can legally refuse to pay. If the character of claim is such that no action of the administrator or executor can defeat the validity of the claim, then it would be useless to present it so far as affecting the legality of the claim itself is concerned."

Now in the instant case the executor could not say or do anything that would defeat the right of Della Fair to recover compensation for services which are provided for in the will to be paid. In our opinion it then follows that the executor would have no right, legal or moral, to claim that because the plaintiff did not properly present her claim or bring an action thereon within a certain time, that such would defeat her right of recovery.

We note that there was a rejection of the claim, a copy of which was attached to the third amended petition, and the question arises as to the right of the executor to reject such claim. If it be true that there was a rejection of the claim, then under the new Code it was not done within the statutory period, and therefore the bringing of the action would not be governed by the Statute of Limitation.

In 18 Ohio Jurisprudence, 365, we note the following:

"The fact that an executor has rejected a claim on which suit had been brought, does not estop him from submitting it to arbitration, as part of the claim may have been good, and the executor can not be compelled to separate the good from the bad, but must be expected to reject it in toto."

39 Oh St, page 112; 82 Oh St, 47 to 57, we note the following:

"The allowance of a claim when exhibited or presented to an administrator for allowance is not conclusive against the estate as to its validity. It may afterwards be disputed and contested by the administrator, but we think the Statutes limiting the right of action to six months after the claim is rejected does not apply to a case where the claim is allowed upon presentation and afterwards disputed, but only to cases when it is disputed or rejected upon presentation for allowance."

We note on Exhibit "A", attached to the third amended petition, the following: "Your claim, showing balance due, also the fact that the petition shows on its face that the executor paid $250 on this claim for services before rejecting same."

In the third amended petition plaintiff further says that on the 5th day of May, 1932, she presented to the defendant, John D. Fair, as executor of the estate of Henry N. Keefer, deceased, her claim for compensation for the aforesaid services, as provided in Item 1 of testator's will: that on the 4th day of February, 1932, said executor through his attorney presented (an offer in writing agreeing to pay a small amount of said services and requesting that the plaintiff accept the same as settlement in full for her claim as provided for in said will.)

We are of the opinion that the court below erred in sustaining the motion to the third amended petition, not in particular to the part stricken out, which is designated by parentheses, and could probably be construed as an offer to compromise, but that in lieu thereof ordered the plaintiff to attach a copy of the purported rejection of claim to the petition, and, further, on the second motion ordered the plaintiff to insert that "Exhibit A be made a part thereof." The suit herein was not based upon Exhibit A, but on a claim for services authorized under the will, and by no rule of construction of §§11333 and 11334 GC, could same have been a part of the pleading.

82 Oh St, 240.

This is a suit against an executor. It is the duty of the executor to carry out the intentions of the testator as set forth in his will. Under it the executor is qualified to

act, and for the executor to say that because of the neglect of some agent or attorney, or on the part of the plaintiff in failure to comply in some technical line of procedure, that the plaintiff would have no right to recover for services rendered, which were provided by the will of the testator, that same should be paid.

But in as much as the testator failed to designate what the amount should be, and the fact that the executor and the beneficiary apparently could not agree as to what that amount should be, we are of the opinion that the third amended petition places the issue to be submitted to a jury under proper instructions by a court.

We see nothing in the third amended petition that would be prejudicial to the defendant, and especially in the paragraph which exceptions were taken to and excluded. We are therefore of the opinion that error has intervened in this case and that the court below erred in sustaining a demurrer to the third amended petition. The judgment of the court below will be and the same is hereby reversed and cause remanded to said court for further proceedings according to law. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.