### ROBERTS et v HICKERSON

Ohio Appeals, 5th Dist., Morgan Co.

Decided March 27, 1936

L. J. Weber, McConnelsville, and R. M. Winegardner, McConnelsville, for appelants.

M. E. Danford, McConnelsville, and Carlos M. Reicker, McConnelsville, for appellee.

### OPINION

By SHERICK, J.

These cases involve the interpretation and construction of certain sections of the new Probate Code. The questions therein presented are identical. The suit of the minor is one for damages for personal injury. The other is by the father for expenses incurred by reason of her injury and for loss of services. The petition and the amended petition in the respective cases were generally demurred to for the reason that neither averred the presentation at any time of the claim sued upon or alleged that the necessary time had elapsed before suit might be brought thereon against the administrator. The principal error complained of in this court is in that the trial court erred in sustaining these demurrers. A dearth of authority and the complexity and indefiniteness of the present statutes rather make the matters one of first impression.

Sec 10509-112, GC, prescribes that:

"Creditors shall present their claims, whether due or not due, to the executor

or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. Any claim presented after the time herein provided shall not prevail against bona fide purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made the election to take under the will or at law, and, except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against bona fide distributees."

The plaintiffs maintain that their respective claims are unliquidated and contingent and that their demands are not within the contemplation of this section. On the other hand it is urged with equal vigor that all claims must now be first presented to the estate's personal representative before suit may be instigated.

In Gerhold v Papathanasion, 130 Oh St 342, 4 O.O. 425, it was insisted that the statute's requirements are mandatory, and that a failure to comply therewith was a complete bar to the action. In other words, it was insisted that this section contains an intent and purpose which makes it also a statute of limitation. The court held upon the state of facts before it that presentation of the plaintiff's claim was not necessary and that the section did not erect a statutory bar. The court's conclusion is a recognition of the earlier understanding that certain claims need not be presented for allowance, a few examples of which are found in the matter of taxes; or where there exists a liability by operation of law over which a personal representative could have no control or direction; or where the payment of a claim is directed by a will's provision, as recognized by this court recently in Fair v Fair, 46 Oh Ap 51 (15 Abs 149). It therefore follows that it is not mandatory under this statute that all claims be presented for allowance.

The Gerhold case, supra, concludes that:

"The manifest and commendable purpose of these and related statutes is, to secure an expeditious and efficient administration of estate by promptly providing executors and administrators with necessary information relating to all indebtedness thereof."

Sec 10509-112 GC as we see it, has a further purpose. It prescribes that if claims are not presented within the four months period, that they may lose their equality with claims of the same class and that they may not prevail as against certain claims or against disbursements and distribution by the personal representative. In other words, when a claimant foregoes the filing of his claim, whether the same be absolute or contingent, liquidated or unliquidated, he may lose his right to participate in the disbursement of the estate funds. It would seem to us to be the better practice to present all claims, including unliquidated and contingent ones, if for no other purpose than to preserve the right to participate in the entire estate. We see no insurmountable difficulty in presenting such a claim as a just one, even if the amount be unascertained and its ultimate establishment as a liquidated and absolute claim is problematical. We recognize that some jurisdictions see an impossibility in honestly swearing that an unliquidated or contingent claim is a just claim. The reason thereof is not insurmountable if the claim is made in its true and present character. The statute contemplates that the estate's representative shall not allow or disprove of a contingent claim. If he may not act in respect thereto it would be vain to require that it be filed for the purpose of suit to establish it as an absolute claim against the estate, but it is not illogical to require that it be proved as a claim and if such is not done it may be barred of its right to participate equally with general funds that are subject to be previously lawfully disbursed and the personal representative protected in so doing. If §10509-166, GC, is examined it is perceived that an estate's liability for wrongful death is being considered; the section says, in part, that:

"When the action is against such administrator or executor, the damages recovered shall be a valid claim against the estate of such deceased person."

It is therefore apparent that an unliquidated claim contingent upon recovery of damages may ripen into a "valid claim against the estate." Actions for personal injury and expenses incurred by reason thereof are closely related tort claims, unliquidated and contingent until settled or liquidated by suit or settlement. Like reasons being present, like consideration should follow.

In as much as the personal representative may not act upon a contingent claim, it follows that some one else must act. If a proper claim is provable it may be settled if disputed by the Probate Court. (See §§10509-115 to 10509-117 GC, inclusive) We are unable to find, however, any provision of the Probate Act which deals particularly with contingent tort claims other than for wrongful death. Surely there is some statutory recognition of time and place wherein such claims may be liquidated and enter that class of "valid claim." Such is found in the jurisdiction of Common Pleas Courts and within the limitations found in §§11224 and 11224-1, GC. The minor's suit is subject to a two year limitation, and that of the father for expenses and loss of services under §11224 is four years. We do not find that the force of these sections is restricted by the Probate Act, except in the respect indicated.

Our search discloses that but one Ohio court has reported a cause which considers whether §10509-112 is a statute of limitation; that is In Re Estate of Whitemore, 1 O.O., 384, wherein it is pointed out that the section does not contain such terms as "no action shall be brought" or that "the claim shall be barred." It is further stated that any such claimed construction can only be predicated upon the wording of subsequent §10509-134, which provides for the reinstatement of barred claims. If §10509-112, GC, was intended as a statute of limitation, then §10509-134 is superfluous. It is this court's notion that §10509-134 is authority for the Probate Court to reinstate a claim that may be barred from sharing equally and ratably with just claims in the entire assets of the estate by reason of the fact that it had been inadvertently not presented within the four months period.

The defendant concedes that prior to January 1, 1932, the effective date of the Probate Act, that there was no law that required creditors to present their claims whether due or not due. It is said in State ex Bremer, 130 Oh St 227, (236),4 O.O., 242, that:

"There is no law of Ohio making it mandatory upon a claimant against a decedent's estate to present his claim for allowance before entering suit."

Surely this expression is particularly pertinent to a tort claim in view of the provision contained in Section 10509-112, "except contingent claims," upon which the personal representative may not act.

It is maintained that the petitions are fatally defective in that it transgresses against §10509-138, GC, which recites that: "no executor or administrator shall be liable to the suit of a creditor of the deceased until after the expiration of nine months following his appointment * * * unless it be for the recovery of a demand * * * for the purpose of ascertaining a claim that is contested * * * "

It has been held in the past that, when a personal representative remained silent or failed or refused to act upon a claim, such was equivalent to a rejection. Surely if the statute, §10509-112 forbids action upon a contingent claim that such should be equivalent to rejection, for otherwise, as contemplated by §10509-170, GC, the claimant might find the estate fully settled in nine months and recovery against the estate then be a vain thing. It is our conclusion that §10509-138, GC, is not violated by the failure of plaintiffs to aver when the administrator was appointed.

The demurrer should have been overruled. The judgments are reversed and causes remanded to the trial court with instructions to so act, and for such further proceeding as required by law.

LEMERT, PJ, and MONTGOMERY, J, concur