## HOME OWNERS' LOAN CORP v DOOLITTLE et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16332. Decided Nov 8, 1937

James W. Shocknessy, Columbus, Charles L. Kaps, Cleveland, and Jerome W. Moss, Cleveland, for plaintiff-appellant.

H. J. Doolittle, Cleveland, for plaintiff-appellees.

## OPINION

By TERRELL, J.

The question presented in this case pertains to the reinstatement of a claim against an estate, under §10509-134 **GC**. The facts:

John Madden in life executed a promissory note to the Home Owners' Loan Corporation with another maker, Margaret Roche, which note was secured by real estate mortgage. Madden died, and H. J. Doolittle was appointed administrator on December 30, 1935. Due publication of the notice of his appointment was made in the Daily Legal News, a newspaper of general circulation throughout the county.

The Home Owners' Loan Corporation had no actual notice or knowledge of the death or appointment of the administrator until July 1, 1936, and hence did not file its claim within the four months under §10509-112 GC. When the claim was presented thereafter the administrator rejected it. A petition for reinstatement of said claim was filed under §10509-134 **GC**, and upon hearing, the Probate Court refused to reinstate said claim.

The evidence disclosed that all the debts of the estate had been paid except the claim of the Home Owners' Loan Corporation. There was in the estate, undistributed, about $53,000.00 or an amount far in excess of the claim of the Home Owners Loan Corporation. The Home Owners Loan Corporation maintains a local office in Cleveland, Cuyahoga County. It employs local counsel who have access to the Daily Legal News and to the published notices of appointments of executors and administrators.

The law requires creditors to present their claims to the administrator within four months after the date of his appointment. §10509-112 **GC**.

The law also provides, §10509-134 **GC**, that

a creditor who has not presented his claim within the time required by law, may file a petition in the Probate Court asking that the claim be reinstated. Whereupon, after due hearing, if the Probate Court is of the opinion that justice and equity so require and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, it may permit petitioner to file his claim for allowance. It is also provided that such allowance shall not affect any payment or distribution made before the filing of such claim nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law.

It is apparent from the foregoing sections of the statute that a claim not presented for allowance within four months is barred but may be reinstated if the Probate Court finds that justice and equity require it and that claimant is not chargeable with culpable neglect.

The Probate Court, in the exercise of its discretion, found against the claimant. The claimant feels aggrieved and presents the matter to this court for review upon the ground that the Probate Court erred · in reufsing to reinstate said claim.

It was not contended in the presentation of this case that the promissory note did not represent a just obligation of decedent. The claim upon the note appears to be a just claim. It is our opinion that justice and equity would require it to be paid, if there are no other impediments against its payment.

We then inquire into the case further to determine whether claimant was chargeable with culpable neglect in failing to present its claim within the time required by law.

Neglect, generally, is a failure to perform a duty. One cannot be charged with failure to perform a duty unless he knows, or ought to know that there is a duty incumbent upon him to be performed. In this case did claimant know of decedent's demise and the appointment of an administrator, which would start the four month statute to toll? The evidence shows that claimant did not know. Should claimant have so known? When the element of neglect is involved the conduct of a person is judged by that standard of care which would usually be exercised by an ordinarily prudent person under similar circumstances. It is such a matter of common concern that this court will take judicial notice that an ordinarily prudent person does not follow all the death notices in the daily papers nor does he inform himself of the notice of deaths and appointments of administrators as appear in the Daily Legal News or upon the dockets of the Probate Court. So it cannot be said as a matter of fact, that an ordinarily prudent person knows or should have known of all the deaths and appointments of administrators in Cuyahoga County. Claimant would not then be guilty of neglect in failing to have knowledge of decedent's demise and the appointment of an administrator.

To defeat a claimant because of neglect in presenting his claim in time, the neglect must be more than ordinary neglect. It must be ·culpable neglect. We feel the word "culpable" was placed in this statute for the benefit of the claimant so that a court should not deny claim for reinstatement upon even a finding of mere neglect. "Culpable" means heedlessness, and in its modification of the word "neglect" almost amounts to gross neglect. It has the meaning "censurable or blameworthy conduct." We do not find in this case that there was any culpable neglect on the part of claimant in its failure to present its claim within the four months period.

The legislature clearly intended by §10509-134 GC to open the door for the payment of just debts of decedent when justice and equity require it. The broad discretion of the Probate Court should be exercised with a view to carrying out the spirit of the statute. This discretion should be exercised toward sustaining the right granted to the creditor rather than to defeat that right.

No injustice results to anyone by allowing the reinstatement of the claim in this case under §10509-134 GC. The claimants who have filed their claims within four months are not denied any rights nor are their rights interfered with by allowing the reinstatement of this claim. Such claimants are given an advantage by §10509-121 GC in that they are paid before the reinstated claimant. The settlement of the estate is not delayed. The administrator may distribute the estate at the earliest time possible under the statute and in making such distribution he is protected against claims filed thereafter. The spirit and intent of this Act would be to allow the reinstatement of all claims when justice and

equity require it, and where claimant was not guilty of culpable neglect. Justice requires the reinstatement of the claim if the debt was a just debt of decedent. Equity requires the reinstatement of the claim where no injury could result to creditors who filed in time or to others by the allowance of such a claim. A claimant would not be chargeable with culpable neglect in not filing a claim within the four months when he did not know of the death or the appointment of a fiduciary during that time. §10509-134 GC should be administered with a broad discretion looking toward justice and equity in the payment of just claims.

If the legislature desires absolutely and finally to bar a claim not presented in four months it could repeal §10509-134 GC but until it does repeal it the statute should be liberally administered in favor of the claimant to give effect to the rights intended to be conferred upon the claimant by the legislature.

The Probate Court in denying plaintiff's petition for reinstatement, gave the following reason which is set up in defendant's brief:

"I have come to the conclusion that the lack of knowledge of death is not grounds for reinstatement of a barred claim."

and the court referred to an opinion rendered by it in the estates of **Dudley and Oliver**, 23 Abs 522, on the subject of what constitutes culpable neglect in the presentation of claims against decedent estates. In this opinion the court sets up this question:

Is lack of knowledge of the death of decedent sufficient ground to exculpate the claimant from culpable neglect as provided by §10509-134 GC?

The court seems to feel that because the legislature did not define "culpable neglect" and because of the difficulty in judging whether or not claimant was chargeable with culpable neglect under the peculiar circumstances of each case, then no proper standard could be set up as to what should, and what should not be termed "culpable neglect." The court then proceeded to answer its own quesion in the negative, and pronounces an arbitrary standard which would effectually deny any claimant the right to have a claim reinstated and would thereby consider all such claimants under

§10509-134 GC as chargeable with "culpable neglect," except:

1. Where they are under legal disability.
2. That the claimant was absent from the State for the greater portion of the four-month period, and had no notice of the appointment.
3. That claimant's rights have been prejudiced by fraud or misrepresentation occasioned by the conduct of the fiduciary.

The foregoing rule pronounced by the Probate Court for the application of the rights granted to a claimant under the statute we think is contrary to the real intendment of the legislature. As it applies to the case in hand, the application of said so-called rule to the claim herein was, in law, an abuse of discretion in that it is contrary to the intent of the law.

For the reasons herein set forth the judgment of the Probate Court is reversed and the case is remanded with instructions to allow the reinstatement of said claim.

LEVINE, PJ, and LIEGHLEY, J, concur.