HAAG, APPELLANT, *v.* MEFFLEY, ADMR., APPELLEE.

(No. 4503—Decided January 15, 1951.)

*Mr. George R. Effler,* for appellant.

*Mr. Leroy C. Lancer* and *Mr. Robert J. W. Meffley,* for appellee.

CONN, J. The defendant demurred to the amended petition of plaintiff on the ground that the court had

no jurisdiction of the subject matter of the action and that the petition did not state facts which show a cause of action. That demurrer was sustained by the trial court and the amended petition was dismissed. From that judgment this appeal is taken on questions of law.

It was alleged in the amended petition that Samuel L. Harmon died February 6, 1949; that plaintiff, believing herself to be his adopted daughter and sole heir, was appointed administratrix of decedent's estate on February 16, 1949; that subsequently plaintiff learned that she had not been legally adopted and was not the heir of Samuel L. Harmon, deceased; that she was disqualified to act as administratrix and resigned on May 18, 1949; and that thereupon Robert J. W. Meffley, defendant herein, on May 18, 1949, was appointed as administrator *de bonis non* of the estate.

It was averred further that the Probate Court ordered and directed that notice of such appointment be published as required by law and that all persons having claims against the estate should present them to the admnistrator *de bonis non* for allowance within four months from the date of his appointment. A copy of such published notice was incorporated in the amended petition.

It is the claim of plaintiff that on or about November 27, 1943, at the instance and request of decedent, plaintiff made a loan to him in the amount of $972.12; that such loan has not been repaid; and that there are no credits thereon. Plaintiff averred further that on July 12, 1949, she presented written proof of her claim to defendant for allowance and on the same day her claim was rejected. On July 20, 1949, this action was begun to recover judgment for such amount, with interest.

Plaintiff assigns as error the sustaining of defendant's demurrer to her amended petition.

Defendant contends that the Probate Court has exclusive jurisdiction of the subject of this action by virtue of Section 10501-53, General Code, and that, plaintiff having failed to present her claim for allowance to the Probate Court during the three-month period she was serving as administratrix, as required by Section 10509-106, General Code, there is no provision of the Code giving the Common Pleas Court jurisdiction of her action to enforce allowance of her claim.

However, in the application of Section 10501-53, General Code, it is pertinent in every case to bear in mind that the grant of exclusive jurisdiction is subject to the general limitation found in this section that "such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law." On the facts alleged in the amended petition and all inferences therefrom, it does not appear that the demurrer raised an issue invoking the exclusive jurisdiction of the Probate Court.

Defendant contends also that under Sections 10509-106, 10509-107, and 10509-108, General Code, plaintiff had a complete and exclusive remedy, and that her claim is now barred. The first of the above sections requires the executor or administrator, within three months from the date of appointment, to present any claim or claims which he in his individual capacity may have to the Probate Court for allowance, and if such claims amount to $50 or more, the court must fix a day for hearing thereon not less than four weeks or more than six weeks from the date of their presentation. This section also requires the executor or administrator to give notice "to all the heirs, legatees or devisees of the decedent interested in the estate, and such creditors as are therein named." Provision is made for manner of service of notice, and the following two sections contain provisions for the appoint-

ment of an attorney to represent the estate, provisions for exceptions to the decision of the court, and related provisions.

It affirmatively appears in the amended petition that during the period plaintiff was administratrix of the estate she was regarded as sole heir of the decedent. It does not appear that there were any creditors, nor is it inferable that there were any or that the estate was insolvent. Even if the right of retainer under the common law still obtained, plaintiff might have exercised that right without prejudice on the ground that she was the sole heir.

Under these circumstances, it would have been a vain thing for plaintiff to have presented her claim to the Probate Court and to have served notice thereof on herself as sole heir or to undertake to serve such notice on nonexisting creditors. As the law does not require a claimant or litigant to do a vain thing, the mandatory provisions of the statutes, including those of special limitation, are quite uniformly softened and not enjoined when such application would run contrary to reason and common sense.

We cite a few cases wherein recognition has been given to this doctrine of the law. *Stevens* v. *Hartley,* 13 Ohio St., 525; *Gerhold, Admx.,* v. *Papathanasion,* 130 Ohio St., 342, 346, 199 N. E., 353, 103 A. L. R., 334; *Fair* v. *Fair, Exr.,* 46 Ohio App., 51, 56, 187 N. E., 727; *Home Owners' Loan Corp.* v. *Doolittle, Admr.,* 57 Ohio App., 329, 13 N. E. (2d), 920; *Goehring* v. *Dillard, a Minor,* 74 Ohio App., 259, 58 N. E. (2d), 435, affirmed, 145 Ohio St., 41, 60 N. E. (2d), 704.

As already pointed out, it was alleged in the amended petition that, upon the appointment of the administrator *de bonis non,* notice of such appointment was published as required by law, and creditors were ordered to present their claims within four months

from the date of his appointment. The demurrer admitted the truth of these averments.

Pursuant to this notice, plaintiff presented her claim for allowance on July 12, 1949, which was more than four months following her appointment as administratrix but within the period of four months following defendant's appointment as administrator *de bonis non.*

Section 10509-155, General Code, provides:

"Notice of the appointment of the new administrator shall be given by probate judge in the manner prescribed with respect to an original administrator."

Section 10509-6, General Code, makes provision for the publication of notice of an original appointment, as follows:

"Within one month after appointment of the executor or administrator, the probate judge shall cause notice of the appointment to be published in some newspaper of general circulation in the county, in which the letters were issued, for three consecutive weeks, but such notice shall not be necessary when there is no estate except a right of action for wrongful death."

These statutes contain no provision for notice to creditors to file their claims within a given period. However, Section 10509-112, General Code, making provision for presentation, allowance and rejection of claims, requires creditors to present their claims to the executor or administrator within four months after the date of his appointment.

In this case, the probate judge included in the notice of appointment an order to creditors to file their claims within four months from the time of appointment of the administrator *de bonis non* and with this notice and order the plaintiff complied. In view of the conclusion reached that plaintiff was not required to present her claim to herself as executrix, does Section 10509-112, General Code, require the computation of

time from the original appointment, or, in other words, did the demurrer raise the issue of the validity of the order of the probate judge now under consideration?

Defendant contends that plaintiff "can not avail herself of any right" of the published notice as such notice was for the benefit of general creditors, and that the notice does not "amount to a saving clause or qualification of the applicable statute of limitation, G. C. 10509-106."

As hereinbefore concluded, plaintiff was not required to present her claim to herself as administratrix. Upon her resignation and the appointment of her successor, she became a creditor of the estate. Plaintiff's claim not being secured, her relationship to the estate was that of general creditor. As such, she filed her claim pursuant to the order of the probate judge.

At the time the order for published notice was made, it affirmatively appears that the Probate Court had jurisdiction of the parties and of the subject matter. On the other hand, it nowhere appears on the face of the amended petition, or otherwise, that the order of the probate judge fixing the time within which creditors should present their claims expressly violates any statute or that the order is void for any other reason. Under these circumstances, the issue raised by the demurrer constitutes a collateral attack on the order made by the Probate Court.

It is a rule of general application that every act of a court of competent jurisdiction, having jurisdiction of the parties and of the subject matter, is presumed valid, and this presumption can not be overcome in a collateral proceeding unless it be made to appear that the action taken was void for want of power or authority on the part of the court. See 23 Ohio Jurisprudence, 1122, Section 966, and cases there cited.

A concise statement of the rule is found in 49 Corpus Juris Secundum, 803, Section 407, which we quote:

"Orders and decrees of courts having probate jurisdiction, in any case in which jurisdiction has attached generally are not open to contradiction or re-examination in any collateral proceeding * * *."

We call attention to the case of *State, ex rel. Young,* v. *Morrow, Judge,* 131 Ohio St., 266, 2 N. E. (2d), 595, in which a writ of prohibition was sought against the probate judge of Highland county, prohibiting him from continuing to exercise jurisdiction in the matter of a certain estate. We quote from the first paragraph of the syllabus as follows:

"Probate courts are courts of record, having power to determine their own jurisdiction in proceedings not void *ab initio,* and their judgments are protected against collateral attack to the same extent as are the judgments of other courts of record."

The following cases shed some light on the matter of collateral attack: *State, ex rel. Hawke,* v. *LeBlond, Presiding Judge,* 108 Ohio St., 126, 140 N. E., 510; *Huffer* v. *Prindle,* 22 Ohio App., 241, 153 N. E., 527; *State, ex rel. De Ran,* v. *Myers, Sheriff,* 83 Ohio App., 469, 84 N. E. (2d), 240.

When it appears that a judgment or order for any reason is void and not merely voidable on the ground of some irregularity, an attack upon it is regarded as direct and not collateral. *Kingsborough* v. *Tousley,* 56 Ohio St., 450, 47 N. E., 541; *Scholl* v. *Scholl,* 123 Ohio St., 1, 173 N. E., 305; *Binns, Exr.,* v. *Isabel,* 72 Ohio App., 222, 229, 51 N. E. (2d), 501; *Young* v. *Guella,* 67 Ohio App., 11, 35 N. E. (2d), 997.

In the instant case, the want of power or authority on the part of the probate judge to make the order under consideration does not appear. If the order were erroneous and the legal rights of defendant were prejudiced, it was subject to review on appeal.

It follows that the demurrer of the defendant should be overruled.

*Judgment accordingly.*

Fess, J., concurs.
Carpenter, J., concurs in the judgment.

Fess, J., concurring. Under the allegations of the petition to which this appeal relates, plaintiff presented her claim on July 12, 1949, within four months after the appointment of the administrator *de bonis non* but after four months from her appointment as administratrix.

Section 10509-154, General Code, provides:

"If notice of the appointment of the former executor or administrator was not given as prescribed in this chapter, the new administrator shall be liable to the actions of creditors whose claims were not presented to the former executor or administrator, as if no executor or administrator had been previously appointed."

Section 10509-155, General Code, provides:

"Notice of the appointment of the new administrator shall be given by the probate judge in the manner prescribed with respect to an original administrator."

Section 10509-156, General Code, provides:

"No provision in law relating to limitation of actions against a new administrator shall revive a claim barred under this or any other act, during the continuance in office of the original executor or administrator, or of a former administrator *de bonis non.*"

Section 10509-157, General Code, provides:

"When assets come to the hands of such new administrator, after any of the periods above limited for the commencement of suits against him, he shall account for them, and be liable to suits and proceedings

on account thereof, as is provided in this chapter with respect to an original administrator."

The language, "no provision in law relating to limitation of actions against a new administrator," in Section 10509-156, General Code, is vague. What other provisions of law relate to limitation of actions against a new administrator? Would the section bar suits filed pursuant to Section 10509-157? As I construe Section 10509-156, in the light of Section 10509-154, it was the intent of the Legislature to prevent the revival of a claim previously barred by lapse of time against a prior administrator, provided notice of the appointment of the prior administrator had been published. As indicated above, plaintiff's claim as a creditor of the estate was not barred at the time the administrator *de bonis non* was appointed, since he was appointed within four months after plaintiff's appointment as administratrix. Section 10509-156, therefore, does not, in terms, bar the filing of plaintiff's claim within four months after the appointment of the administrator *de bonis non*. The defense of the statute of limitations is regarded as meritorious, but courts will avoid giving to the limiting statute any construction other than that which the words demand. *Chisnell* v. *Ozier Co.*, 140 Ohio St., 355, 44 N. E. (2d), 464.

It is, therefore, concluded that the demurrer to the petition was improperly sustained, and that the judgment should be reversed and the cause remanded to the Court of Common Pleas for further proceedings.