GRINDLE, ESTATE OF, IN RE.

Probate Court, Columbiana County.

No. 57121.  Decided October 10, 1961.

*Mr. Edw. C. Greenamyer*, as Administrator and for Administrator, and also representing Charles Grindle, one of the heirs.

*Mr. DeVere F. Grappy*, for Curtis Grindle, one of the heirs.

TOBIN, J.  The records indicate that an application for appointment as Administrator of the estate of Moses Grindle was filed April 13, 1961, and waivers filed on the same by Charles Grindle and Curtis Grindle, and appointment was made on April 13, 1961 of Charles Grindle.  There was due advertisement in the Leetonia Courier of said appointment on April 27, May 3 and May 10, 1961, and on April 28, 1961, the Inventory and Appraisement was filed and approved.  On August 4, 1961, a statement in lieu of account and resignation was filed by Charles Grindle and on the same date he was discharged; that a new application was filed for a successor Administrator by Edward C. Greenamyer, notice sent out to both Charles and Curtis Grindle and that appointment was made on August 9, 1961, as successor fiduciary.  That appointment appeared in the Lee-

tonia Courier August 29, Sept. 5 and Sept. 12, 1961. That on August 14, 1961, an inventory and appraisement was filed, and on the same day a schedule of claims was filed indicating two claims, one by Woods and Sons Funeral Director, in the amount of $1,026.91, which was allowed by the Administrator on August 10, 1961, and a claim by Charles Grindle in the amount of $1,705.86, allowed by the administrator on August 10, 1961. On October 10, 1961, an exception was filed to the schedule of claims which is for hearing today. Said exceptions being filed by Curtis Grindle, one of the heirs.

The question raised by Curtis Grindle is as follows: That the original appointment was made of Charles Grindle on April 13, 1961, as Administrator; that under Section 2117.02, Revised Code, Charles Grindle as said Administrator at that time had to present his claim to this Court within three months of his appointment. This he did not do so prior to July 13, 1961, which would have been the expiration of the three months; that he did present the same for allowance in the same amount to the successor fiduciary, Edward C. Greenamyer on August 10, 1961, and said claim was allowed.

Said Curtis Grindle claims that under Section 2117.33, Revised Code, which reads as follows: ''No law relating to limitation of actions against a new administrator shall revive a claim which is barred, during the continuance in office of the original executor or administrator, or of a former administrator de bonis non.'' Simply put, Curtis Grindle hereby claims that Charles Grindle's claim not having been presented by the original administrator in proper time, the successor administrator, under Section 2117.33, Revised Code, could not revive such claim.

The Court therefore rules that under Section 2117.02, Revised Code, Charles Grindle as Administrator, had to present his claim, whatever it was, to this Court on or before July 13, 1961, or within three months of his appointment. If no such presentation was made as required under Section 2117.02-.03-.04, etc, Revised Code, the resignation of Mr. Grindle as Administrator, its acceptance and the appointment of a new Administrator in the person of Edward C. Greenamyer, would not, by virtue of Section 2117.33, Revised Code, as above quoted, act to revive a claim that had been already barred by the

statute of limitation under Section 2117.02, Revised Code, and the Court rules that said claim is now barred.

Exceptions permitted to all parties.

The Court having ruled on September 26, 1961, that exceptions had been filed to this inventory, and at that time having ordered a new appraisal, the Court will then set aside the inventory and appraisement of April 28, 1961. The Court does hereby accept the new appraisement filed by Mr. Greenamyer, and does so as of this date, and orders notice of same as provided by law.