Allen, Appellant, *v.* Hunter, Admx., Appellee.

[Cite as Allen v. Hunter, 1 Ohio App. 2d 278.]

(No. 7633—Decided August 25, 1964.)

*Mr. Carlisle O. Dollings,* for appellant.
*Mr. Clayton W. Rose, Jr.,* for appellee.

TROOP, J.   Plaintiff in the Court of Common Pleas of Franklin County, Mary Allen, filed a claim for services alleged to have been rendered to Harry Hunter, during his lifetime, against the defendant, Leah Margaret Hunter, as administratrix of the estate of the decedent.   The facts concerning the events preceding the filing of the action, which took place in the Probate Court, as admitted in the pleadings, are as follows:

September 20, 1962.   Harry Hunter died.

September 26, 1962.   Mary Allen, using the name Mary Hunter, was appointed administratrix of the estate of Harry Hunter.

December 11, 1962.   Mary Allen was removed as administratrix by the Probate Court.

December 11, 1962.   Leah Margaret Hunter was appointed administratrix.

April 8, 1963.   Mary Allen filed her claim for services with Leah Margaret Hunter, administratrix.

April 18, 1963.   The claim of Mary Allen was rejected by the administratrix.

After the filing of the petition an answer was filed by the defendant, and a reply by the plaintiff.   Defendant filed a motion for judgment on the pleadings which was sustained, and an entry filed January 31, 1964, shows judgment for the defendant and the petition of the plaintiff dismissed with prejudice.   It is from this judgment that appeal is taken on questions of law.   A single assignment of error is asserted, that the trial court was wrong in granting judgment for the defendant and dismissing plaintiff's petition.

The trial court held that the claim of the plaintiff, filed with the adminstratrix of decedent's estate on April 8, 1963, was not filed until after the statutory limit for filing had run as fixed by Section 2117.02, Revised Code.   The court held also that the four months, within which the claim the original administratrix sought to file against the estate of Harry Hunter, began to run on the date of her appointment as the administratrix, which was September 26, 1962.

Plaintiff, appellant here, urges that the claim of Mary

Allen was that of a general creditor and the time within which it was required to be filed began to run on the date of the appointment of Leah Margaret Hunter as administratrix, December 11, 1962.

Chapter 2117 of the Revised Code deals specifically with the presentment of claims against an estate. Section 2117.02, Revised Code, provides that an administrator or executor shall present "any claim which he has against the estate to the Probate Court for allowance," within four months after the date of his appointment. Section 2117.06, Revised Code, covers the claims of all creditors against an estate and requires that they be filed with the administrator within four months after the date of his appointment. Four months is the time limit in both sections and the time limit begins with the appointment.

The provisions of Section 2117.02, Revised Code, have been held to be mandatory and to be a statute of limitations. 22 Ohio Jurisprudence (2d), 683, Section 317. Both statutes dealing with time limits on filing claims are generally clearly understood and applied. The trial court held that "we are concerned" with them in the instant case. (Decision, filed December 12, 1963.) If it were not for the interruption to the tenure of the original appointee, Mary Allen, it is obvious that there would be no problem. She was removed before four months had elapsed from the date of her appointment and a successor was appointed to complete the administration of the estate, and within four months from the date of appointment of the successor administrator Mary Allen filed the claim for services with her successor. A consideration of Section 2113.24, Revised Code, is necessary. The applicable parts are as follows:

"If any claim must be presented or any notice given to an executor or administrator * * * within any limited period of time prescribed by statute, and if during such period the administrator or executor * * * is removed, or the office becomes vacant for any other reason, the time between such * * * removal * * * and the appointment of a successor shall be excluded in computing the period of such time limitation."

There was no lapse of time between the removal of the original administratrix and the appointment of her successor. If Mary Allen had a claim against the estate of Harry Hunter,

that claim was in existence on September 26, 1962, and it was subject to the requirements of Section 2117.02, Revised Code, at that time, and the four-month statute of limitations began to run as of that day. Under the provisions of Section 2113.24, Revised Code, there was no interruption to that running.

Appellant relies, substantially if not wholly, upon the decision in the case of *Haag* v. *Meffley, Admr.* (1951), 89 Ohio App., 471. Particular reliance is placed upon the separate concurring opinion of Judge Fess. In that case the court held that since the original administratrix, at the time of her appointment, assumed that she was the sole heir and also the only creditor of the deceased, to have presented her claim to the Probate Court and to have served notice on herself as administratrix would have been a vain thing.

It is noted that no such assumption on the part of this appellant is claimed nor does such appear in any of the pleadings, and this case is, therefore, unlike the *Haag case, supra,* in basic fact. No consideration whatever was given by the court in *Haag* to Section 2113.24, Revised Code, but rather, emphasis appears to be upon the statutes concerning the jurisdiction of the Probate Court and those dealing with requirements of and for notice.

Section 2117.02, Revised Code, regards claims of fiduciaries against the estates for which they are responsible as requiring separate treatment and close scrutiny. To depart from the requirements of the section as a general rule would not promote the best interests of those concerned with the administration of the estate as creditors or beneficiaries. It is, then, a particularly dubious doctrine that suggests evading the requirements because in a case under review the statute seems to demand ''a vain thing.''

The case of *In re Estate of Grindle* (1961), 88 Ohio Law Abs., 289, is one in which the Probate Court of Columbiana County held that under the provisions of Section 2117.02, Revised Code, an administrator must present his claim against the estate within three months (four months under the amended statute) after the date of his appointment and his failure to do so barred his claim even though a successor administrator had been appointed. The court also uses Section 2117.33, Revised Code, as further support for its conclusion.

In the instant case, Section 2117.02, Revised Code, required the presentation of the claim of Mary Allen to the Probate Court within four months of her appointment. If the claim were bona fide, it was in existence at that time and did not come into existence after her removal as administratrix. There was no lapse of time between her removal and the appointment of her successor, so, under the terms of Section 2113.24, Revised Code, her claim was barred January 26, 1962, as found by the trial court.

The assignment of error is not well taken. The judgment of the trial court is sustained and the appeal dismissed at appellant's costs.

DUFFEY, J., concurs.
BRYANT, J. (Presiding), dissents.

DUFFEY, J., concurring. This case is one form of the old and difficult problem of the application of a statute of limitations to wrongs which are not discovered until after the period has run. In the present case, the discovery was apparently made just before the expiration of the time, and, quite humanly, the response to the changed circumstances was not quite fast enough.

While the actual circumstances are not before us, the pleadings indicate the possibly tragic situation of a putative spouse, i.e., one who sincerely believes herself married but whose marriage is invalid because of some unknown legal reason. The discovery of the invalidity of the marriage turns her situation from one who shares in the estate to one who must assert a claim against the estate, in tort or quasi-contract. Under such circumstances, the four-month rule may become most harsh and unfair.

However, I see no judicial solution within permissible limits on statutory interpretation. The problem deserves consideration of a careful amendment to the statutory exceptions found in Section 2117.07, Revised Code.

BRYANT, J. (Presiding), dissenting. In my opinion, the claim should have been considered and allowed or disallowed. This seems to me to be a case certainly within the spirit if not

clearly within the letter of Section 2113.24 of the Revised Code. Here the original appointment was treated as though in effect it was invalid from the start.

In the case of *Executors of Frederick Haymaker* v. *Andrew Haymaker* (1854), 4 Ohio St., 272 at 282, the court in the opinion by Kennon, J., said in part:

"* * * Our statute expressly saves the right of the plaintiff in case of nonsuit, and allows him one year thereafter in which to bring his action. On the principles of the decided cases, where the statute made no provision for nonsuits, we think we would be safe in saying that if in this case the plaintiff had in his first suit obtained a judgment against the defendant, and that judgment had afterward on writ of error been reversed, the plaintiff should at least have a reasonable time in which to commence a new action, and that reasonable time would be six months, the time allowed by the statute in which to bring his original suit after the claim was rejected; * * *."

The removal in this case had the effect of altering or reversing the entire position of the claimant and she should have been allowed a reasonable time, which was not done. The result here is unnecessarily harsh.