JOURNAL ENTRY AND OPINION
Appellants, Mary Lawson, Administratrix of the Estate of Bartelae Dixon, and Michael Troy Watson, attorney for the Estate of Bartelae Dixon, are appealing the trial court's order granting the payment of attorney fees and administratrix's expenses from the estate. Appellants assert that the court should have granted all the attorney fees and administratrix expenses which they claimed. For the following reasons, we affirm.
Michael Troy Watson filed a request for payment of legal fees in the amount of $6,660 and costs in the amount of $977.26. The heirs of Bartelae Dixon, her children, Mary Lawson and Geroy Thomas, signed a consent for payment of these attorney fees and costs. The estate paid the requested fees and costs to Watson.
On December 22, 1999, the magistrate heard evidence concerning the attorney fees and administratrix expenses. No transcript was taken. The magistrate found: (1) Watson's legal fees were excessive for a modest estate; (2) Watson improperly included fees for performing fiduciary functions; and (3) Watson improperly included fees for representing Bartelae's heirs against a claim made by the heirs of Lee Dixon.
The facts surrounding the claim of Lee Dixon's heirs were as follows:
Bartalae Dixon lived with Lee Dixon at 10717 Churchill Road, in Cleveland, Ohio. Lee Dixon passed away in 1990. He was survived by the children he had with Yvonne Harris. These children are the appellees in this action, Willie Dixon, Joe L. Dixon, Gloria Dixon, Richard Dixon and Dennis Dixon. Bartelae's children, Lawson and Thomas, were not the children of Lee Dixon by blood or adoption. Bartelae claimed to be Lee Dixon's wife. Bartelae received the Churchill Road residence from Lee Dixon's estate.
Bartelae died in 1997. The children of Lee Dixon filed a motion for relief from judgment in Lee Dixon's estate. They claimed Bartelae was not Lee Dixon's wife, so the house should not have passed to her.
The heirs of Lee Dixon and the heirs of Bartelae Dixon entered into a settlement agreement, entitled Family Agreement. They agreed to split the net proceeds of the sale of the home. The net proceeds consisted of the sale proceeds, less reimbursement to Bartelae Dixon's heirs for:
 All claims per section 2117.25, including but not limited to attorney fees, maintenance fees, mortgage payments, utility bills, funeral bills for the Estate of Bartelae McConnell-Dixon. (See Tr. Pg. 7-8).
In the referenced transcript, Mr. Bradley, attorney for Lee Dixon's heirs, and the magistrate state that only legitimate expenses were contemplated. The Family Agreement states that Watson's attorney fees must be requested through application to the Probate Court. The Agreement also states that each party shall bear their own attorney fees pertaining to the motion of Lee Dixon's heirs and the Family Agreement. The agreement was binding on both the estate of Lee Dixon and the estate of Bartelae Dixon.
The magistrate found that some of the costs requested by Watson were unsupported, were already requested by the administratrix or were unnecessary. The magistrate recommended that Watson return $3,835.10 of the attorney fees and costs paid to him.
The magistrate only allowed $1,992.89 of the $18,070.90 expenses requested by the administratrix. The magistrate found that some of the expenses were not timely requested and some were incorrect. The magistrate noted that Mr. Bradley, the attorney for the heirs of Lee Dixon, agreed to the payment of all the requested expenses.
Appellants' objections to the magistrate's report were overruled.
 I.
Appellants' first and third assignments of error are interrelated. They state:
 THE TRIAL COURT ERRED IN DETERMINING THAT THE ADMINISTRATRIX WAS ENTITLED TO REIMBURSEMENT FOR EXPENSES TOTALING ONE THOUSAND NINE HUNDRED NINETY TWO DOLLARS AND EIGHTY NINE CENTS ($1,992.89) INSTEAD OF THE EXPENSES INTENDED TO BE REIMBURSED, PURSUANT TO THE IN COURT AGREEMENT OF SEPTEMBER 12, 1997.
 THE TRIAL COURT ERRED IN ADOPTING THE FINDINGS AND CONCLUSIONS OF THE MAGISTRATE AND OVERRULING THE OBJECTIONS AS PRESENTED ON BEHALF OF THE ADMINISTRATRIX OF THE ESTATE.
Appellants contend that the Family Agreement requires the reimbursement of all the expenses claimed by the administratrix. We find that the parties agreed that only legitimate expenses approved by the probate court would be reimbursed.
Valid, applicable statutory provisions are part of every contract, as if written into the contract. See Bell v. Northern Ohio Tel. Co. (1948),149 Ohio St. 157; Ross v. Farmers Ins. Group of Companies (1998),82 Ohio St.3d 281, 287. In this case, R.C. 2117.02 is incorporated into the contract. R.C. 2117.02 states that only administratrix expenses approved by the court may be paid. This statute further states that expenses incurred before death must be claimed within three months after the appointment of the administratrix. The three-month time limit is mandatory and constitutes a statute of limitation. Allen v. Hunter (1964), 1 Ohio App.2d 278.
Appellants contend that the transcript of the hearing concerning the Family Agreement demonstrates that the parties intended all the claimed expenses be paid. Watson stated that, for example the funeral bills, utility bills, etc. would be paid out of the proceeds from the sale of the home. Watson said he discussed the approximate amounts of utility bills with the lawyer for Lee Dixon's heirs. The magistrate and Mr. Bradley stated that only legitimate expenses would be paid. The parties did not agree that any and every expense claimed by the administratrix would be deducted from the sale proceeds of the home.
Appellants contend that the administratrix did not have to file a claim for expenses within three months because she was the sole heir and creditor. See Haag v. Meffley (1951), 89 Ohio App. 471 . The administratrix was not the sole heir, as Geroy Thomas was also an heir of Bartelae Dixon. Additionally, the heirs of Lee Dixon were creditors of Bartelae's estate. The heirs of Lee Dixon presented sufficient written notice to the administratrix by filing the Motion for Relief from Judgment, and by entering into the Family Agreement. See Fortelka v. Meifert (1964), 176 Ohio St. 476; Children's Medical Center v. Ward (1993), 87 Ohio App.3d 504. The administratrix was required to file a claim for expenses within three months of her appointment. The trial court correctly denied certain expenses as untimely.
The trial court denied other expenses due to errors, double billing, credits presented as debts and insufficient supporting documentation. Appellants contend these findings were against the weight of the evidence. Appellants did not file a transcript or statement of the evidence of the December 22, 1999 hearing, at which time these expenses were discussed. Without a transcript or statement of the evidence, this court must presume regularity. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. Appellants have not shown that the trial court erred in granting only $1,992.89 of the expenses requested by the administratrix.
Appellants also argue that Bartelae was the surviving spouse of Lee Dixon, so her estate was entitled to the entire sale proceeds of the house, as well as a spousal support allowance from Lee Dixon's estate. According to appellants, the magistrate's report stated Bartelae was the surviving spouse of Lee Dixon. Appellees dismissed their motion for relief from judgment. Appellants claim the court never entered a journal entry stating Bartelae was not the surviving spouse.
The magistrate's report states that in Lee Dixon's estate, Bartelae was found to be the surviving spouse. The magistrate made no finding as to whether Bartelae was the surviving spouse. Moreover, appellants cannot claim that Bartelae's estate is entitled to the entire sale proceeds when the Family Agreement states that such proceeds will be split. Neither can Bartelae's estate claim a support allowance, because the Family Agreement was intended to resolve all the issues concerning Bartelae's status as surviving spouse. Additionally, a claim for a support allowance should have been brought in Lee Dixon's estate, not in Bartelae's estate.
Accordingly, these assignments of error are overruled.
 II.
Appellants' second assignment of error states:
 THE TRIAL COURT ERRED IN NOT FOLLOWING THE IN-COURT AGREEMENT AND IN MAKING A DETERMINATION CONTRARY TO THE INTENT OF THE PARTIES.
As discussed above, the trial court's decision concerning the adminstratrix expenses was not contrary to the Family Agreement. The Family Agreement only requires the payment of legitimate expenses. Similarly, the Family Agreement requires payment of legitimate attorney fees, not all the attorney fees requested. The Agreement specifically states that the attorney fees must be approved by the probate court.
The Family Agreement specifies that each party must bear the cost of his own attorney fees in connection with the motion for relief from judgment and the Family Agreement. The trial court was correct in disallowing the attorney fees in connection with the Family Agreement and motion for relief from judgment.
The trial court correctly disallowed attorney fees for fiduciary functions. See In re Estate of Secoy (1984), 19 Ohio App.3d 269 . The trial court disallowed other attorney fees as excessive. Certain costs were disallowed as unnecessary, not supported by evidence or already requested by the administratrix. Without a transcript or statement of the evidence, we cannot find that these determinations were against the weight of the evidence. See Hartt v. Munobe (1993), 67 Ohio St.3d 3.
Accordingly, this assignment of error is overruled.
 III.
Appellants' fourth assignment of error states:
 THE DETERMINATIONS OF THE COURT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, ARE CONTRARY TO LAW AND/OR OTHERWISE PLAIN ERROR.
Appellants contend the trial court erred by failing to grant their motion to dismiss appellee's motion for relief from judgment. According to appellants, the motion for relief from judgment was filed out of rule. First, these motions do not appear on the docket in this case. These motions were presumably filed in the estate of Lee Dixon. Therefore, any rulings on these motions cannot be appealed herein. Also, it is unknown whether the motion to dismiss was ruled upon. If it was not ruled upon, appellants waived any right to challenge the motion for relief from judgement by entering into the Family Agreement.
The remainder of appellants' arguments under this assignment of error has already been addressed.
Accordingly, this assignment of error is overruled.
Appellees request that they be awarded their attorney fees and costs in this appeal pursuant to App.R. 23. We find that the appeal was not frivolous, and deny appellees' request.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ JOSEPH J. NAHRA, JUDGE:*
* Judge Joseph J. Nahra, Retired of the Eight District Court of Appeals, sitting by assignment.
TIMOTHY E. McMONAGLE, P.J. AND MICHAEL J. CORRIGAN, J., CONCUR.