OPINION
{¶ 1} Appellant Richard McClain appeals from an order of the trial court permitting the payment of guardianship fees and attorney fees related thereto. He contends that the trial court erred by approving the payment of guardianship fees to Julia Bolen, the executor of the estate and previously the decedent's guardian, because no claim was timely perfected against the estate. We agree. That part of the order is accordingly reversed and vacated. McClain also contends that the trial court erred by approving the payment of attorney's fees for the guardianship proceedings as a percentage of the guardianship estate without affording any interested party the opportunity to demand a hearing on the issue. We agree. That part of the order is reversed, and the cause is remanded for further proceedings.
 {¶ 2} McClain further contends that no attorney's fees for the guardianship proceedings could properly be allowed because there was no proper or timely application for payment of those fees. This issue was not raised in the trial court; accordingly, we will not consider it on appeal.
 I {¶ 3} Appellee Julia Bolen was the guardian of Mary E. Waterman. Upon Mary Waterman's death, the guardianship terminated, a final account was filed, and the case was closed. An estate was then opened, and Bolen was appointed executor.[1] Bolen and her brother, Richard McClain, were the residuary beneficiaries of the estate. The estate proceeded to the filing of the final account. McClain filed exceptions to the final account, objecting to, among other things, the payment of $17,783.86 to Bolen as guardianship fees and the payment of $17,783.86 to Weithman as attorney fees relating to the guardianship. The court overruled the objections relating to the fees. From this order, McClain appeals.
 II {¶ 4} The First Assignment of Error is as follows:
 {¶ 5} "The trial court errored [sic] when it disallowed the exception, referred to in the court's final appealable order as exception number 2, which exception was timely filed by this appellant and excepted to the final account as filed in this estate. Said exception number 2 objected to the payment out of the estate funds of $17,783.86 to Julia Bolen as guardian fees relative to the guardianship of Mary E. Waterman."
 {¶ 6} McClain contends that the trial court erred when it failed to sustain his objection to the payment of guardianship fees to Bolen. He argues that Bolen failed to present her claim in accordance with the time requirements of R.C. 2117.02. The trial court noted in its decision, and Bolen concedes, that her claim for guardianship fees was not presented to the estate within the time limit set in R.C. 2117.02. The trial court determined that the failure to comply with the statute was excusable, because the estate was complex.
 {¶ 7} R.C. 2117.02 provides in pertinent part that "[a]n executor or administrator within three months after the date of his appointment shall present any claim he has against the estate to the probate court for allowance. * * *" The time limit set by R.C. 2117.02 is mandatory, and constitutes a statute of limitation. Allen v. Hunter (1964),1 Ohio App.2d 278, 204 N.E.2d 545.
 {¶ 8} We conclude that the failure to comply with the statute of limitation set forth in R.C. 2117.02 for the presentment of claims against estates by executors cannot be excused. Accordingly, the First Assignment of Error is sustained.
 III {¶ 9} The Second Assignment of Error is as follows:
 {¶ 10} "The trial court errored [sic] when it disallowed the exception, referred to in the court's final appealable order as exception number 6, which exception was timely filed by this appellant and excepted to the final account as filed in this estate. Said exception number 6 objected to the payment out of estate funds of $17,783.82 to Cathy Weithman as attorney fees relative to the guardianship of Mary E. Waterman, without having filed in the guardianship or the estate any application for approval of counsel fees as required by Rule 71(G) of the rules of superintendence for the courts of Ohio."
 {¶ 11} In this assignment of error, McClain contends that the trial court erred in denying his exception to the payment of attorney fees because no application for approval of the fees was made pursuant to Sup.R. 71(G).
 {¶ 12} Errors assigned and briefed, but not raised in the trial court, need not be considered on appeal. Merillat v. Fulton Cty. (1991),73 Ohio App.3d 459, 463, citation omitted. This issue was not properly raised in the trial court, and therefore is not properly before us. Accordingly, the Second Assignment of Error is overruled.
 IV {¶ 13} The Third Assignment of Error is as follows:
 {¶ 14} "The trial court errored [sic] when it disallowed the exception, referred to in the court's final appealable order as exception number 6, which exception was timely filed by this appellant and excepted to the final account as filed in this estate. Said exception number 6 objected to the payment out of estate funds of $17,783.83 to Cathy Weithman as attorney fees relative to the guardianship of Mary E. Waterman for the reason that the same were calculated as a percentage of the assets of the guardianship. This method of determining fees is in violation of Rule 71(H) of the rules of superintendence for the courts of Ohio."
 {¶ 15} By this Assignment of Error, McClain contends that the trial court erred in denying his exception to the payment of the attorney fees. He argues that the calculation of the attorney fees, which was based upon a percentage of the value of the estate, was improper and did not comply with Sup.R. 71.
 {¶ 16} Sup.R. 71(A) and (C) provide that "attorney fees in all matters shall be governed by DR 2-106 of the Code of Professional Responsibility," and that "attorney fees may be allowed if there is a written application that sets forth the amount requested and will be awarded only after proper hearing, unless otherwise modified by local rule." Sup.R. 71(G) states that an application for attorney fees "shall set forth a statement of the services rendered and the amount claimed * * *." Finally, Sup.R. 71(H) prevents a court from setting minimum and maximum fees that are automatically approved.
 {¶ 17} In essence, Sup.R. 71 requires that a probate court not automatically approve a fee unless any party has the right to request a hearing on the fee. In this case, it appears that McClain did not have the right to request a hearing on the reasonableness of the fees requested. We are persuaded that the probate court erred in automatically setting an attorney fee without reviewing the reasonableness of the attorney fees, as required by Sup.R. 71and DR 2-106. Since the probate court did not appear to consider the reasonableness of the attorney fees, the order allowing payment of the fees is reversed, and this cause is remanded for a hearing on attorney fees.
 {¶ 18} DR 2-106 of the Code of Professional Responsibility provides that an attorney "shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." To determine the reasonableness of the fee, DR 2-106 requires that the following considerations should apply:
 {¶ 19} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 20} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 21} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 22} "(4) The amount involved and the results obtained.
 {¶ 23} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 24} "(6) The nature and length of the professional relationship with the client.
 {¶ 25} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 {¶ 26} "(8) Whether the fee is fixed or contingent." Upon proper application to the probate court, Attorney Weithman may be entitled to compensation for her services. This decision would be within the sound discretion of the probate court, following consideration of the above factors. The Third Assignment of Error is sustained.
 V {¶ 27} The Fourth Assignment of Error is as follows:
 {¶ 28} "The trial court errored [sic] when it disallowed the exception, referred to in the court's final appealable order as exception number 6, which exception was timely filed by this appellant and excepted to the final account filed in this estate. Said exception number 6 objected to the payment out of estate funds of $17,783.83 to Cathy Weithman as attorney fees relative to the guardianship of Mary E. Waterman, without having filed a claim therefore in the estate contrary to the Ohio Revised Code Section 2117.06."
 {¶ 29} McClain contends that the trial court erred in overruling his objection to the payment of attorney fees to Weithman. Specifically, he argues that she failed to file her claim within one year of Waterman's death as required by R.C. 2117.06(C).
 {¶ 30} From our review of the record it is clear that this issue was not raised in the trial court. Therefore, this Assignment of Error is overruled.
 VI {¶ 31} McClain's Second and Fourth Assignments of Error having been overruled, and his First and Third Assignments of Error being sustained, the order approving the payment of guardianship fees out of the decedent's estate is reversed and vacated; the order approving the payment of attorney's fees for the guardianship proceedings out of the decedent's estate is reversed; and this cause is remanded for further consideration of the issue of attorney's fees for the decedent's guardianship proceedings.
GRADY and YOUNG, JJ., concur.
[1] Cathy Weithman was the attorney for the guardianship as well as for the estate.